PATRICIA JONES, BARBARA POWERS, AND ENNIO PASQUAR-
IELLO, PLAINTIFFS-RESPONDENTS, v. DOROTHY H. WAR-
REN, TOWNSHIP CLERK OF THE TOWNSHIP OF STAFFORD,
AND OCEAN COUNTY BOARD OF ELECTIONS, DEFEND-
ANTS-RESPONDENTS, AND WESLEY K. BELL, INTERVE-
NOR-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 18, 1984—Decided October 10, 1984.

Submitted After Remand to Law Division December 3, 1984—
Decided January 2, 1985.

Submitted After Limited Remand from Supreme Court
January 10, 1985—Decided January 17, 1985.

Before Judges ANTELL, J.H. COLEMAN and SIMPSON.

*Sterns, Herbert & Weinroth,* attorneys for intervenor-appellant Wesley K. Bell.

*Dasti* and *Murphy,* attorneys for defendant-respondent Dorothy H. Warren.

*Paschon, Feurey & Kotzas,* attorneys for plaintiffs-respondents Patricia Jones, et al.

PER CURIAM.

On January 8, 1985 plaintiffs filed their notice of petition for certification of our determinations of January 2, 1985 and October 10, 1984. The matter is now before us on remand by the Supreme Court limited to the disposition of certain issues which were pending before us when the notice of petition for certification was filed.

In our opinion of January 2, 1985 we concluded that plaintiffs' recall petition was eight signatures short of the statutorily required number and that the petition was therefore invalid. On the date of our opinion intervenor Bell applied to the trial judge for an order reinstating him as Mayor of Stafford Township. Despite our categorical finding that the petition was invalid, the trial judge took the view that this was still an open question and that plaintiffs had somehow reserved the right to prove certain signatures which had been rejected by defendant township clerk and which, if proved, would result in sufficient signatures for him to find the petition valid. He also determined that his earlier action in the case was not a final judgment, but only a finding that Bell had not made out a prima facie case of the petition's invalidity. Thus, he concluded that because our decision on January 2, 1985 amounted to nothing more than a finding that Bell had proved a prima facie case, plaintiffs were now free to fortify the petition by proving the validity of signatures which they contend were wrongfully rejected by defendant township clerk. To implement his conclusion he scheduled a date for hearing at which plaintiffs may proceed with their proofs.

The questions arising from the present posture of the case are now framed for us by Bell's motions for clarification of our decision of January 2, 1985 and for leave to appeal from the denial of reinstatement and the trial judge's other rulings of January 2, 1985, and plaintiffs' motion for a stay of our decision of January 2, 1985, for a rehearing and for correction and modification of the record.

We do not understand how our intentions in this matter could have been so misconstrued. Our finding that the recall petition was invalid was final and conclusive; that issue was not subject to modification by the trial judge. It is appropriate to state the settled principle that a trial court is "under a peremptory duty to obey in the particular case the mandate of the appellate court precisely as it is written." *Flanigan v. McFeeley*, 20 *N.J.* 414,

420 (1956). This is so even where it is manifestly erroneous. *Ibid.*, quoting from *Isserman v. Isserman*, 2 *N.J.* 1 (1949).

> The subordination of the inferior tribunal is of the very essence of the appellate function; the mandate is the process directed to the execution of the appellate judgment, and is therefore a command to be obeyed. [*In re Plainfield-Union Water Co.*, 14 *N.J.* 296, 303 (1954)].

We find nothing in the record to support the trial judge's position that his ruling from which this appeal was taken addressed only the question of prima facie sufficiency. All indications suggest the contrary. The thrust of his letter opinion dated November 11, 1984, which was the subject of our January 2, 1985 decision, is that a final determination is being made upon all of the evidence. The opinion takes as its governing standard the test of whether Bell had proved his case "in every respect by a preponderance of credible evidence," implying a weighing process which occurs after the parties have rested and which takes into account all the evidence, not just the inferences legitimately to be drawn from that submitted by the party bearing the burden of proof. Thereafter, the letter opinion states that the judge will proceed to an "ultimate conclusion" as to each signature challenged by Bell. In analyzing proofs for prima facie sufficiency a trial judge searches only for permissible inferences. Ultimate conclusions are reached only on the basis of all the evidence after submission by both parties. Furthermore, the findings made are that specified signatures are either valid or invalid. The judge's inquiry as to each signature did not end with a mere finding as to the permissibility of advocated inferences.

After the close of Bell's case at the hearing of November 15, 1983, counsel for plaintiffs was specifically asked by the judge whether he would be proceeding with the introduction of proofs. In answer to the judge's question, "... do you wish to go forward with proof with respect [to Bell's case] or are you going to rest or what is your argument with respect to that?," counsel answered in a way which does not appear to us to have any meaning. The judge then stated the following:

> I gather you are going to take the position that you can *rest* with respect to any required evidence to contradict what counsel has offered in support of his case? [Emphasis ours]

To this, counsel replied, "That's correct." The judge then said, "That answers my question" and, addressing counsel for Bell, asked "Now, counsel having rested, do you want to be heard any further?" We can interpret this colloquy in no other way than as a waiver by plaintiffs of their right to proceed and as a submission of the entire controversy on the evidence then of record.

Finally, in our remand of October 10, 1984 we pointedly stated, "... the trial judge is at liberty to take such further evidence and conduct such further proceedings as may, in his discretion, be conducive to a just disposition on the merits." (Slip opinion at 8). Notwithstanding this clear invitation for the parties to conclude whatever business they deemed unfinished, we are advised by the trial judge's letter opinion that it was agreed by all counsel that "no additional evidence would be produced" and that the matter would be decided on the proofs already of record.

We conclude that the determination which we reviewed was not limited to the prima facie sufficiency of Bell's case, but was intended as a final adjudication as to the validity *vel non* of the recall petition after submission by all parties. Plaintiffs' failure to offer opposing proofs or press their right to prove the validity of signatures rejected by defendant township clerk was a deliberate election and evidenced their willingness to have the litigation decided on the evidence then before the court. Having so decided, they could not expect that in the event of an adverse finding by the trial judge or a reviewing court they might later re-run the course. Parties are not free to litigate their cases on such a piecemeal basis. We consider the case governed by the spirit, if not the letter, of the entire controversy doctrine, which was well explained by Judge Morgan in the following language of *Malaker Corp. v. First Nat'l Bank*, 163

*N.J.Super.* 463, 496 (App.Div.1978); certif. den. 79 *N.J.* 488 (1979):

> Suffice it to say the entire controversy doctrine requires each party to litigate all aspects of a controversy in one legal proceeding. *Leisure Technology v. Klingbeil,* 137 *N.J.Super.* 353, 357 (App.Div.1975). Generally, a judgment disposing of one portion of a controversy will bar later litigation concerning other portions of it. Under this doctrine the "entire controversy," rather than its constituent causes of action, is the unit of litigation and joinder of all such causes of action is compulsory under penalty of forfeiture. *Schnitzer, Civil Practice and Procedure,* 9 *Rutg.L.Rev.* 307, 334 (1954). The constraint obtains even where the belatedly asserted cause of action is an independent one, in the sense of itself being separately adjudicable. *Wm. Blanchard Co. v. Beach Concrete Co., Inc., supra* 150 *N.J.Super.* [277] at 294. A defendant must assert all matters which will defeat a claim against him, and a plaintiff must seek complete relief for vindication of the wrong he charges. *Applestein v. United Board & Carton Corp.,* 35 *N.J.* 343, 356 (1961).

*See also Ajamian v. Schlanger,* 14 *N.J.* 483, 485 (1954); *Nuzzi v. United States Casualty Co.,* 121 *N.J.L.* 249, 260 (E. & A.1938); *Mori v. Hartz Mountain Dev. Corp.,* 193 *N.J.Super.* 47, 52–53 (App.Div.1983); *Wm. Blanchard Co. v. Beach Concrete Co., Inc.,* 150 *N.J.Super.* 277, 292–294 (App.Div.1977); certif. den. 75 *N.J.* 528 (1977); *Thatcher v. Jerry O'Mahony, Inc.,* 39 *N.J.Super.* 330, 335 (App.Div.1956).

Although we invalidated the recall petition in our decision of January 2, 1985, we then refrained from ordering Bell's reinstatement to office on the view that there might still be legal impediments to such ultimate relief which had not been briefed or argued before us or before the trial judge. We therefore anticipated that, upon the filing of our opinion in this matter of public importance, application would be made to the trial judge for reinstatement and that whatever objections there might be to Bell's resumption of office would be explored in deliberate and orderly fashion. Nothing presented at the trial proceedings of January 2, 1985 raised any such obstacles. Moreover, during oral argument before us on January 8, 1985 we asked counsel for plaintiffs to state the legal basis for any objection to reinstatement he might have in light of our decision that Bell had been illegally removed. In response, no legally sustainable objection was articulated. Although reference was made to the

procedural requirements of *N.J.S.A.* 19:3–7 and *N.J.S.A.* 19:29–1 *et seq.*, the relevance of these statutory provisions to the case at hand was not demonstrated.

Bell's motion for leave to appeal from the trial judge's denial on January 2, 1985 of his motion for reinstatement is granted. The order of January 2, 1985 is summarily reversed and Wesley K. Bell is found to be the rightful holder of the office of Mayor of Stafford Township, and solely entitled to exercise and enjoy the powers and privileges pertaining thereto.

Plaintiffs' motion for a stay of our decision of January 2, 1985 for a rehearing and for correction and supplementation of the record is denied. Bell's motion for clarification is also denied.