PATRICIA JONES, ET AL., PLAINTIFFS-PETITIONERS, v. DOROTHY WARREN, TOWNSHIP CLERK OF TOWNSHIP OF STAFFORD, DEFENDANT-PETITIONER, AND WESLEY K. BELL, DEFENDANT-RESPONDENT.

February 13, 1985.

The Court having considered the petitions for certification of the judgment in A–2047–83T3 and having determined:

(1) that the legal question raised in the petitions do not, under the particular circumstances, require the grant of certification (see *In re Contract for Route 280*, 89 *N.J.* 1 (1982)); and

(2) that in view of claims that all of the factual matters relevant to the ultimate resolution of the legal issue have not been or may not have been fully developed at the trial, additional proceedings addressing the state of the record may be required, if certification were granted; and

(3) that the recall election under which Carl Block has been elected to the office of mayor by a substantial majority of the voters has not been subject to any claims of illegality involving fraud, corruption, taint, or significant wrongdoing that might otherwise affect the free exercise of the franchise by the people and the full expression of their will; and

(4) that the asserted illegality affecting the conditions for the recall election, namely, the method of obtaining certain signatures on the petitions for the recall election as determined by the court below, is essentially technical or procedural in nature; and

(5) that the next general election is scheduled to be held in May of 1985, and the voters of the Township of Stafford will again have the opportunity to vote to fill the office of mayor, and, given the extremely brief period remaining before the general election, the setting aside of the recall election at this time will cause unwarranted governmental disruption; and

(6) that the setting aside of the recall election in these circumstances is not required to avoid substantial irreparable harm to the electorate, taking into account the strong public policy in favor of stability and repose in the election process; and

(7) that it is understood that a limited grant of certification in and of itself does not constitute an adjudication on the merits, or approval or disapproval of the opinion and judgment of the court below; and

(8) that under the circumstances, a grant of certification limited solely to the issue of appropriate relief is warranted in order to accommodate the interests of all affected persons, most particularly, the citizens of the Township of Stafford, and

to effectuate thereby the underlying purpose of the election laws;

It is ORDERED that the petitions for certification are granted, limited solely to the issue of appropriate relief as to whether the recall election should be set aside, and, in all other respects, the petitions for certification are denied; and it is further

ORDERED that the judgment below, insofar as it set aside the recall election and ordered the institution in office of Wesley K. Bell, is summarily reversed and vacated.

O'HERN, J., dissenting.

The Court's memorandum order contains, in finding number (3), a principle of law that is significant and important. Its implicit premise is that the legal proceedings that are preliminary to the call of an election should merge into the transcendent event that is the election. Once the people have spoken upon a subject within the electoral competence, the premise is that courts should not be heard to say that it was not time for the people to have spoken. To hold otherwise turns the electoral process on its head and destroys confidence in the voter's belief that a vote counts. As the Court suggests, after the polls have closed the challenge should be to test whether the election has "been subject to any claims of illegality involving fraud, corruption, taint, or significant wrongdoing that might otherwise affect the free exercise of the franchise by the people and the full expression of their will." *See N.J.S.A.* 19:29–1. A corollary to this principle is that the judicial system must galvanize itself to afford maximum procedural fairness in the pre-election challenge. At each level, we must seek to resolve, as fully and fairly as we can, a challenge to the call of an election before the election. What we should not do is adopt a wait-and-see attitude. For what we shall see is the central act of a free people, the act of self-government. It is too important that this act not become an exercise in futility.

Henceforth, to the extent that I am able, I would seek to see this process followed. In this case, the question whether the principle should be applied in the circumstances has been summarily resolved. I respect the Court's concern for the limited time at hand, but would have set the matter down for an expedited plenary disposition.

*For reversal and vacation*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, GARIBALDI and STEIN—6.

*Opposed*—Justice O'HERN—1.