204 N.J. Super. 429 (1985)
499 A.2d 242
CHRISTINE YANCSEK, PLAINTIFF-APPELLANT,
v.
THE HULL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 10, 1985.
Decided October 8, 1985.
Before Judges DREIER, BILDER and GRUCCIO.
*430 Nusbaum, Stein, Goldstein & Bronstein, attorneys for appellant (Arthur Z. Charsinsky, on the brief).
Velardo & Koprowski, attorneys for respondent (Walter Koprowski, Jr., on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff has appealed from an order of the Law Division denying reinstatement and restoration to the trial list of plaintiff's product liability complaint against defendant The Hull Corporation (Hull), a foreign corporation. This case requires us to interpret Coons v. American Honda Motor Co. Inc., 96 N.J., 419 (1984), cert. den. ___ U.S. ___, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985), (Coons II). Plaintiff's claim would have been barred by the statute of limitation, untolled by N.J.S.A. 2A:14-22[1] under Coons v. American Honda Motor Co. Inc., 94 N.J. 307 (1983), (Coons I), since the 2-year limitations period expired prior to the effective date of Coons I, August 3, 1983. The issue before us is whether the modification of Coons I by Coons II required the trial court to entertain and grant plaintiff's motion to be relieved from a judgment apparently finalized by Coons I. The trial judge found he was barred from such reconsideration. We disagree.
*431 Plaintiff's accident occurred January 23, 1979, thus her personal injury claim would normally have been barred by the statute of limitations two years later. N.J.S.A. 2A:14-2. Plaintiff discovered after such two year period expired that the machine that caused her injury was manufactured, not by the then-defendant Leyden Hydraulics Inc., but by defendant Hull. Leyden's motion for dismissal was granted on October 14, 1981 as was an order permitting the substitution of Hull in its stead. Hull moved for summary judgment on the basis that the two-year statute of limitations barred plaintiff's claim. As is noted in an earlier opinion of this court on a direct appeal, the trial judge
determined that a material question of fact was projected as to whether plaintiff was `reasonable and diligent in her pursuit of her cause of action and true identity of the manufacturer of the machine in question,' and whether she `reasonably did not realize [who] ... the true manufacturer was ... for reasons involving the "fault" of the true manufacturer.'
The Appellate Division further noted that the trial judge "directed that the disposition of the case await a further presentation of evidence." In effect, the trial judge had ruled under R. 4:9-3 governing the relation back of amendatory pleadings. On the initial appeal, this ruling was rejected as an incorrect application of R. 4:9-3 and of the discovery rule described in Lopez v. Swyer, 62 N.J. 267 (1973), also relied upon in part by the trial judge. Our opinion, rendered May 17, 1984 made no reference to either the tolling provisions of N.J.S.A. 2A:14-22 or the interpretation of the statute in Coons I, since those issues had not then been raised.
Plaintiff thereafter applied for a rehearing, contending that this court failed to apply Coons I. This petition was denied on June 7, 1984 without explanation, whereupon plaintiff filed a second petition for rehearing based upon the then-recent decision in Coons II which substantially modified the effect of Coons I. In response to these motions we noted that our denial was "without prejudice to plaintiff's right to apply for reinstatement of her complaint in the Law Division on the ground relied on herein."
*432 Prior to Coons I, N.J.S.A. 2A:14-22 would have provided a tolling of the statute of limitations defense raised by defendant. This statute was inapplicable to the case before us only because of Coons I. However, at the time Coons I was decided, August 3, 1983, this case had not reached final judgment; (the Law Division's decision denying Hull's summary judgment motion was rendered December 12, 1983 and our reversal was by opinion dated May 17, 1984). Coons II determined that there would be excluded "from the scope of the Coons I ruling only those actions already commenced as of August 3, 1983." 96 N.J. at 434. This case, still pending at that date would, therefore, be so excluded and thus still qualify for the application of the tolling provisions of the statute which Coons I had invalidated. The court further noted that "the statute of limitations as to foreign, unrepresented corporations commences to run as of that date." (Emphasis added) 96 N.J. at 435. Justice Clifford was clear in stating that the tolling provision was effective only until August 3, 1983, when the statutory limitations period was initiated; hence the statute did not run until August 3, 1985. Justice Garibaldi in her dissenting opinion in Coons II reiterated that she "would not give ... plaintiffs who slept on their rights a windfall action allowing them to sue foreign corporations for another year without any showing that they either knew or relied on our statute." 96 N.J. at 442. By the phrase "another year," she must have been referring to the period between Coons II (June 1984) and August 3, 1985.
Unfortunately, the judge to whom the reinstatement motion was then made misconceived the import of Coons II, the effect of the Appellate Division's initial reversal of the original trial judge's decision and our later rulings on the motions for reconsideration. The import of our decisions on the reconsideration motions was that since the matter of the tolling of the statute of limitations had not been brought before the Law Division or Appellate Division, the issue could be the basis of an application to reinstate the complaint. Thus, at the time of the reapplication *433 below, the judge should have considered the posture of the case as one in which there merely had been a mistaken dismissal of plaintiff's cause of action on statute of limitation grounds without reference to the tolling statute or to the Coons rulings.
Since a general principle of law is that procedural dismissals are not favored, cf. Marder v. Realty Const. Co., 84 N.J. Super. 313, 319 (App.Div.), aff'd 43 N.J. 508 (1964), and since R. 4:50-1(a) provides a method for relief within one year, we assume that the trial judge would have reinstated the complaint upon a determination that such a mistake had been made. Cf. Edgerton v. Edgerton, 203 N.J. Super. 160, 172-73 (App.Div. 1985), applying R. 4:50-1(f). Therefore, except for any problems insinuated by Coons I and II relating to the application of N.J.S.A. 2A:14-22 the trial judge should have granted plaintiff's application.
Defendant further asserts that Hartford Ins. Co. v. Allstate Ins. Co., 68 N.J. 430, 434 (1975) has established a principle that a change of law or interpretation of law is not a "extraordinary circumstance" so "as to justify relief from a final judgment where the time to appeal has expired." This principle, however, is inapplicable here. Coons II modified Coons I and specifically directed that if a final judgment had not been entered by August 3, 1983 the statute of limitations had not yet run. The fact that a final judgment was entered against plaintiff in the interim did not blunt the impact of Coons II, even in light of Hartford Ins. Co. This is not a case where after a trial on the merits a change in law occurred that would have affected a plaintiff's claim. This, rather, is a classic case of where relief should be granted from a judgment under R. 4:50-1(a).
Since plaintiff's application to the trial court was within the period permitted by Coons II for the running of the statute of limitations, we find the denial of the reinstatement of the complaint to have been a mistaken exercise of discretion under R. 4:50-1(a). Plaintiff at the time of the application before the *434 trial judge was within the period of limitations as prescribed by Coons II.
The order appealed from is reversed. Pursuant to R. 4:50-1(a), the prior order of the Law Division dismissing the complaint on statute of limitations grounds is vacated, and this matter is remanded to the Law Division for further proceedings. We do not retain jurisdiction.
NOTES
[1] The statute, declared unconstitutional in Coons I, read (prior to its amendment by L. 1984 c. 131, § 1):

... [I]f any corporation ... not organized under the laws of this state, against whom there is ... a cause of action [specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8], is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which ... such corporation ... is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonrepresentation.