217 N.J. Super. 119 (1987)
524 A.2d 1315
TALL TIMBERS PROPERTY OWNERS ASSOCIATION, PLAINTIFF-APPELLANT,
v.
TALL TIMBERS, INC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 14, 1987.
Decided April 27, 1987.
*120 Before Judges PRESSLER, GAULKIN and ASHBEY.
Honig and Honig, attorneys for appellant (James E. Moen, on the brief).
Gerald R. Bouchal, attorney for respondents.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff Tall Timbers Property Owners Association (Association) appeals from a summary judgment dismissing its complaint on preclusionary grounds. We affirm in part and reverse in part.
Tall Timbers Community consists of ten fully developed campsite sections in Sussex County, each in condominium ownership and each administered by its own condominium association. Plaintiff Association is a nonprofit association representing the joint and mutual interests of all the separate condominium associations and their members. Defendant Tall Timbers, Inc. is the predecessor in title of the entire tract. Individual defendants John Schneider, John Armenia and Joseph Galanis are the stockholders, directors and officers of the corporate defendant. Individual defendants Joan Schneider, Lucy Armenia *121 and Nancy Lee Galanis are their wives and assignees, as partners, of certain recreational amenities and facilities serving the campground, including a clubhouse, lake, lake recreation areas, mountain recreation areas and swimming pools. The wives' partnership sold these facilities to the Association for $215,000, taking back a purchase money note for $80,000, secured by a mortgage. The contract of sale required the seller to make improvements in and repairs to a dam located within the campground, which the partnership had also conveyed to the Association.
In May 1985 the wives' partnership instituted an action in the Chancery Division seeking rescission of the agreement based on allegations of mutual mistake. They also sought compensatory damages allegedly occasioned by the Association's breach of various terms of the agreement as well as a judgment of foreclosure of the purchase money mortgage because of alleged payment default. In July 1985 the Association filed not only a counterclaim in that action seeking enforcement of the partnership's contractual obligations in respect of the dam but also a third-party complaint against Tall Timbers, Inc. seeking similar relief. In August 1985, while the Chancery action was pending, the Association filed this action in the Law Division seeking damages for defects in and misrepresentations respecting the campground's water and septic system. Process did not, however, then issue and the named defendants who were either plaintiffs or third-party defendants in the Chancery action were then entirely unaware that this action had been instituted. The Chancery action was concluded by a judgment entered in March 1986 embodying the parties' settlement of all matters in controversy. After entry of that judgment, process finally issued in this action.
Defendants in this action, after being served with process, moved for summary judgment dismissing the complaint on the ground that it was barred both by the entire controversy doctrine and the releases which underlay the settlement of the *122 Chancery action.[1] The motion was supported by the affidavit of individual defendant John Schneider, who asserted, in part, that had the fact of the institution of this action been known to the named defendants herein, none would have participated in the settlement of the Chancery action. Plaintiff did not oppose the motion in the mistaken belief that its adjournment request had been granted. The motion was granted and the action dismissed by order entered in June 1986. Plaintiff appeals.
We affirm the order of dismissal with prejudice as to those defendants in this action who were parties to the Chancery action, namely, the corporate defendant and the defendant wives. We think it clear from the foregoing recital of the facts that the claims raised by plaintiff in this action arose out of the same overall transaction as that which gave rise to the Chancery action, namely, the ultimate conveyance of the campground and its amenities to the condominium owners and their associations. It further appears that the specific claims made by plaintiff in this action were intentionally withheld from the Chancery action for the express purpose of enabling it to negotiate a favorable settlement to what it knew, but what defendants did not know, was only a fragment of the entire controversy. There appears no other reason, and none is suggested, for plaintiff's filing of this action during the pendency of the Chancery action but its withholding of process in this action until final disposition of the Chancery action. In short, we are satisfied that the underlying principles and policies of the entire controversy doctrine were not only violated by this effort to bring successive actions but were also intended to be so violated. See, e.g., R. 4:27-1(b). And see Thornton v. Potamkin Chevrolet, 94 N.J. 1 (1983); Falcone v. Middlesex County Med. Soc., 47 N.J. 92 (1966); Foley Machinery Co. v. Amland Contractors, Inc., 209 N.J. Super. 70, 77 (App.Div. 1986); Jones *123 v. Warren, 199 N.J. Super. 2 (App.Div. 1985), mod. 98 N.J. 442 (1985); Mori v. Hartz Mountain Development Corp., 193 N.J. Super. 47 (App.Div. 1983); Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277 (App.Div. 1977), certif. den. 75 N.J. 528 (1977).
The defendant husbands, however, stand on a different footing. We note first that a separate and independent basis of liability, apart from corporate liability, has been alleged against them, namely, that each made material representations to the purchasers respecting the water and septic systems. These separate causes of action thus asserted are not comprehended by the entire controversy doctrine since the doctrine has not been extended to preclude subsequent litigation against persons who were not parties to the original action. See Aetna Ins. Co. v. Gilchrist Brothers, Inc., 85 N.J. 550 (1981); Bates Marketing Assocs. v. Lloyd's Electronics, 190 N.J. Super. 502 (App. Div. 1983), app. dism. 97 N.J. 703 (1984); Goncalvez v. Patuto, 188 N.J. Super. 620 (App.Div. 1983); Juliano v. Gaston, 187 N.J. Super. 491 (App.Div. 1982), certif. den. 93 N.J. 318 (1983); Gareeb v. Weinstein, 161 N.J. Super. 1 (App.Div. 1978); McFadden v. Turner, 159 N.J. Super. 360 (App.Div. 1978).
That is not to say, however, that this action was not nevertheless properly dismissed as against the husbands. We are satisfied that it was under the authority of R. 4:37-2(a) which provides in full that
For failure of the plaintiff to cause a summons to issue within 10 days after filing the complaint or to comply with these rules or any order of court, the court in its discretion may on defendant's motion dismiss an action or any claim against him. Such a dismissal shall be without prejudice unless otherwise specified in the order.
There were clearly two bases of dismissal under that rule. First was the plaintiff's failure timely to issue the summons as required by R. 4:4-1. Second was its failure to comply with R. 4:5-1, as amended effective September 10, 1984. The requirement of R. 4:5-1 then imposed is that

*124 Each party shall include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court or of a pending arbitration proceeding, or whether any other action or arbitration proceeding is contemplated; and, if so, the certification shall identify such actions and all parties thereto. Further, each party shall disclose in the certification the names of any other party who should be joined in the action. Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification.
The purpose of that amendment, as stated in Current N.J. Court Rules, Comment R. 4:5-2, was to implement the philosophy of the entire controversy doctrine in respect of successive litigation involving an overlap, albeit not a congruent overlap, of parties. As the Comment explains:
While ordinarily a party's failure to comply with the entire controversy doctrine puts only himself at risk of its preclusionary consequences, this rule recognizes that this is not always so, particularly where the entire controversy involves the rights of persons who are not parties to an action as framed. Thus there are situations in which separate actions are simultaneously pending which derive from a common controversy but which do not involve all of the same parties. The interests of those who are not parties to all related actions and who are unaware of the pendency of other related actions may well be affected by the disposition of those other actions, and they may indeed be prejudiced by reason of their non-participation therein. The intent of this rule is to provide notice to all parties in each action that there are other actions pending involving the same controversy. As a result of such notice, all parties can move to intervene in other pending actions, to consolidate other pending actions, or to take whatever other steps may be appropriate to protect their respective interests. See generally Crispin v. Volkswagenwerk, A.G., 96 N.J. 336 (1984), decided just prior to the adoption of the 1984 amendment, illustrative of its purpose, and indicative of its motivation.
We have no doubt, therefore, that plaintiff was obliged, when it filed this action, not only to have certified to the then pendency of the Chancery action but also to have timely served the complaint since the failure of service entirely defeated the purposes for which the certification is required by depriving both the court and the affected parties of the opportunity of taking protective action.
The remaining question then is only whether the dismissal pursuant to R. 4:37-2(a) should be with or without prejudice. We are aware that ordinarily, as the rule itself provides, dismissal thereunder is without prejudice. Nevertheless, the *125 court is accorded the discretion to dismiss with prejudice, and we are satisfied that that discretion may be properly exercised where the violation is egregious, where the adverse party would otherwise be unduly prejudiced, or where the interests of justice require. See, e.g., Zaccardi v. Becker, 88 N.J. 245 (1982); Moschou v. DeRosa, 192 N.J. Super. 463 (App.Div. 1984). And compare Kohn's Bakery, Inc. v. Terracciano, 147 N.J. Super. 582 (App.Div. 1977) with Audubon Volunteer Fire v. Church Const. Co., 206 N.J. Super. 405 (App.Div. 1986); Yancsek v. Hull Corp., 204 N.J. Super. 429 (App.Div. 1985).
We are loathe to exercise our original jurisdiction to determine the preclusionary consequences of a R. 4:37-2(a) dismissal on this record. As we have indicated, plaintiff, even if by its own neglect, had not had an opportunity to meet the assertions of prejudice in the Schneider certification. Nor has the alleged preclusionary effect of the releases given in the Chancery action yet been judicially considered, and that too is a threshhold issue. In the interests of both fairness and expedition, we therefore remand to the trial court for its determination of whether the dismissal for plaintiff's failure to comply with either R. 4:4-1 or R. 4:5-1 or both should be with or without prejudice. The court, in reaching this determination, shall consider, among other relevant factors, the purpose and policy of those rules and of the entire controversy doctrine, the relative prejudice to all parties, and their litigative conduct in both suits. It shall also consider the preclusive effect, if any, of the releases exchanged in the Chancery action as well as any other preclusive theory defendants may choose to raise. Finally, should it determine that the dismissal should be without prejudice, it may consider whether to impose conditions on a reinstitution of the action against defendant husbands.
The summary judgment dismissing the complaint as against the corporate defendants and defendants Joan Schneider, Lucy Armenia and Nancy Lee Galanis is affirmed. The complaint as against defendants John Schneider, John Armenia and Joseph Galanis shall be dismissed pursuant to R. 4:37-2(a), and we *126 remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] We do not here deal with the effect of the releases since the documents themselves, if in fact ever executed, are not included in the appendix of any party. Nor is their text represented to us.