**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2890-18T2

VINELAND ICE & STORAGE,
LLC,

     Plaintiff-Appellant,

v.

CITY OF VINELAND, KEVIN
KIRCHNER, MICHAEL
CIFALOGLIO, and
CUMBERLAND COUNTY
CONSTRUCTION BOARD OF
APPEALS,

     Defendants-Respondents,

and

VINELAND FIRE
PREVENTION BUREAU,

     Defendant.

_____

Argued February 27, 2020 – Decided October 1, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0673-16.

Jeffrey A. DiLazzero argued the cause for appellant.

Alan G. Giebner argued the cause for respondents City of Vineland, Kevin Kirchner, and Michael Cifaloglio (Buonadonna & Benson, PC, attorneys; Michael E. Benson, of counsel; Alan G. Giebner, on the brief).

James E. Schroeder argued the cause for respondent Cumberland County Construction Board of Appeals.

The opinion of the court was delivered by

SUTER, J.A.D.

Vineland Ice & Storage, LLC (plaintiff) appeals the summary judgment orders that dismissed with prejudice its amended prerogative writs complaint against defendants City of Vineland, Kevin Kirchner, and Michael Cifaloglio (the City defendants), and Cumberland County Construction Board of Appeals (CCCBOA), and denied its cross-motions for summary judgment and reconsideration. Plaintiff also appeals the trial court's order that amplified the record under Rule 2:5-1(b). Plaintiff requests reversal of the orders and summary judgment in its favor. We affirm the challenged orders.

I.

Plaintiff owns a property located at 544 E. Pear Street in the City of Vineland where an ice manufacturing and frozen storage facility operated in a

building constructed around 1922. Plaintiff's managing member is Mark F. DiMeo.[1]

In March 2016, DiMeo noticed a portion of the concrete floor had a "slab heave," which might have been caused by water getting underneath the concrete and freezing. He had an engineering firm examine the building. That report noted a heaving floor slab, cracking floors, bowing walls, and sloping floors, among other issues. DiMeo said the building was storing about five million pounds of perishable food including "fish, squid, crabs, and lobster."

On June 7, 2016, defendant Kevin Kirchner, Acting Construction Official of the City of Vineland, conducted an inspection of the building accompanied by DiMeo. He issued a Notice of Unsafe Structure (the Notice) on the same day. The Notice ordered the building to be vacated by July 10, 2016, unless an "[e]ngineering [s]tructural [c]ertification" was supplied or the building was demolished, or the unsafe conditions were corrected. DiMeo received the Notice on June 10, 2016.

A representative from another engineering firm inspected the ammonia refrigeration system at the same location. Its report to the Vineland Fire Chief

---

[1] DiMeo has relocated to Brussels.

recommended that the ammonia refrigeration system be shut down and pumped out.

A contractor for the United States Environmental Protection Agency (EPA) met with an engineer for plaintiff to inspect the ammonia refrigeration system, reporting the system was in "a very serious state of disrepair and immediate steps [were] necessary to protect the surrounding community . . . ." In July 2016, another company assessed the ammonia refrigeration system for the EPA and recommended, based on

> the general condition of the facility, the lack of maintenance, poor documentation and code violations, that the entire ammonia charge be removed in order for a proper inspection to be performed (once the ice is cleared and the structure is confirmed to be safe).

At the EPA's direction, plaintiff removed all the food and ammonia, which required a two-week evacuation of thirty-one nearby residents and other shelter in place orders.

In an August 2016 report for plaintiff, an engineer concluded that "[s]o long as no heavy equipment or material loads are imposed, on the structure, a large scale collapse is unlikely." However, workers in the building were "exposed to safety hazards" that needed to be addressed.

A-2890-18T2

In the interim, plaintiff appealed the Notice to the CCCBOA on June 23, 2016. A hearing was scheduled for July 5, 2016, but adjourned to August 2, 2016, with the consent of all parties. Plaintiff also consented to the City defendants' request to adjourn the August 2, 2016 hearing date, which was rescheduled to September 6, 2016. However, plaintiff objected to the City defendants' request for a third adjournment on August 24, 2016, advising "in the event that the [CCCBOA] does not hear my client's appeal on September 6[] . . . my client will consider that as a denial . . . . We will then appeal the [CCCBOA's] denial to the Superior Court of New Jersey. This may be something that the [CCCBOA] might want to consider." The CCCBOA chairman adjourned the appeal—over plaintiff's objection—to October 4, 2016.

On October 3, 2016, plaintiff filed a complaint in lieu of prerogative writs naming the City defendants and the CCCBOA as defendants.[2] Counsel for plaintiff emailed a copy of the complaint to the CCCBOA's solicitor, Edward Duffy, and the City of Vineland's assistant solicitor, but did not serve it on any defendant. Duffy responded on October 15, 2016, that he "can accept [s]ervice"

---

[2] The Vineland Fire and Prevention Bureau was a named defendant, but it is a political subdivision of the City. Michael Cifaloglio is the acting Fire Marshall.

if plaintiff's attorney had not made other arrangements but was leaving on vacation.

Plaintiff did not appear or participate in the CCCBOA hearing on October 4, 2016, having advised the CCCBOA that because the CCCBOA had not decided the appeal within ten business days, the appeal was denied as a matter of law under N.J.A.C. 5:23A-2.3(a) and (c). The CCCBOA conducted hearings on October 4, 2016, and November 2, 2016. Kirchner testified about his inspection and the Notice. Derek Leary testified about his inspection on June 23, 2016 and agreed with Kirchner's assessment. The CCCBOA unanimously denied plaintiff's appeal on November 2, 2016. There are no tape recordings or transcripts of the hearing because "[a]lthough the County had invested in a new recording system, it was not [sic] unfortunately not recording during [the] hearings." Counsel for plaintiff emailed Duffy again on November 3, 2016, asking him to accept service and for transcripts of the hearings. The record does not indicate a response.

In its written decision on December 9, 2016, the CCCBOA determined "[b]ased upon the reports and numerous photographs as submitted, together with the testimony and exhibits presented during the hearings, as well as [plaintiff's] own engineering report, . . . the municipality had sufficient basis or cause to

issue the Notice of Unsafe Structure on June 7, 2016." A copy was sent to plaintiff's attorney on December 9, 2016, by regular mail.

Plaintiff amended its prerogative writs complaint on January 26, 2017 to add a third count, appealing the December 9, 2016 decision of the CCCBOA. He asked the CCCBOA clerk for copies of the hearing transcripts. Plaintiff did not serve the amended complaint until nearly eight months later, on August 14, 2017. The City defendants and the CCCBOA filed answers to the amended complaint in September 2017.

The City defendants filed a motion for summary judgment to dismiss the complaint for "inexplicable and unwarranted delay in serving the [c]omplaint, in light of the requirement of Rule 4:69-6 that Prerogative Writ Actions are to be filed within [forty-five] days of the date of the action being challenged." Plaintiff opposed the motion and filed a cross-motion, which alleged the Notice was issued without any basis in fact and in violation of the law.

The trial court granted summary judgment to the City defendants and denied plaintiff's cross-motion on March 16, 2018. It found plaintiff's amended complaint was not timely served. The court held the delay in service created prejudice against the defendants because "the passage of time [was] just too critical."

Plaintiff's motion for reconsideration was denied on May 4, 2018. The trial court noted "the whole scheme [and] construction . . . [of] the appeal process and the [a]ction in [l]ieu of [p]rerogative [w]rit process is to have these matters decided in a timely fashion." The court found the CCCBOA and City defendants were prejudiced. "[B]ecause it wasn't served, the Board went ahead and had two hearings and issued a written determination." Then, after service was made and they tried to locate transcripts, it was found out that the recording equipment was not working properly during the hearings. The court found continuing prejudice to the City defendants because they were continuing to litigate these issues after "the abandonment of the property and the default on the loan" concluding "that this is a strategic action and not a matter of substance." The court found plaintiff was "not harmed in that it always assumed there was a denial by virtue of filing the [c]omplaint." The trial court found "in a[n] action like this, that involves the safety of the neighborhood, the removal of people from their house . . . is such that there is substantial prejudice to the [defendant] were this suit to proceed at this late date." The court noted that the "whole scheme" of the process involving unsafe structures and prerogative writs "is to have these matters decided in a timely fashion."

A-2890-18T2

Defendant CCCBOA filed a motion for summary judgment in October 2018, to dismiss the amended complaint also based on unwarranted delay. Plaintiff filed opposition and a cross-motion. The trial court granted summary judgment to the CCCBOA and denied the cross-motion[3] on January 25, 2019, finding that the same analysis it made in the motion involving the City defendants applied to the CCCBOA's motion. The delay in serving the complaint caused the CCCBOA "to hold additional hearings" and to "litigate its defense for more than two and a half years after the Notice was issued." The court found the delay here was "especially prejudicial and contrary to the rules" involving a prerogative writs action. And, the court found plaintiff was not prejudiced because it assumed its appeal was denied on September 16, 2016.

In March 2019, the trial court amplified its reasons pursuant to Rule 2:5-1(b) by referencing its earlier decisions from May 2018 and January 2019.

On appeal, plaintiff raises these issues:

> I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS DUE TO THE PLAINTIFF'S FAILURE TO FORMALLY SERVE THE DEFENDANTS WITH A COPY OF THE SUMMONS AND AMENDED COMPLAINT WITHIN THE TIME PERIOD PROVIDED IN RULE 4:4-1 DESPITE NO

---

[3] The record does not indicate any opposition by the CCCBOA to the cross-motion.

A-2890-18T2

SHOWING OF ACTUAL PREJUDICE BY THE DEFENDANTS.

II. THE TRIAL COURT ERRED BY IGNORING THE DEFENDANT, CUMBERLAND COUNTY CONSTRUCTION BOARD OF APPEALS' FAILURE TO COMPLY WITH THE REQUIREMENTS OF NEW JERSEY LAW AS THEY PERTAIN TO CONSTRUCTION BOARDS OF APPEALS AND THE PROCEEDINGS BEFORE THEM.

A. THE TRIAL JUDGE IGNORED THE FACT THAT THE DEFENDANT, CUMBERLAND COUNTY CONSTRUCTION BOARD OF APPEALS, DID NOT RENDER A DECISION ON THE PLAINTIFF'S APPEAL WITHIN TEN (10) BUSINESS DAYS AS IS REQUIRED BY N.J.S.A. 52:27D–127(B) AND N.J.A.C. 5:23A–2.3.

B. THE TRIAL JUDGE IGNORED THE FACT THAT THE DEFENDANT, CUMBERLAND COUNTY CONSTRUCTION BOARD OF APPEALS, IMPROPERLY RELIED UPON EVIDENCE THAT DID NOT EXIST AT THE TIME THAT THE UNDERLYING NOTICE OF UNSAFE STRUCTURE WAS ISSUED ON JUNE 7, 2016.

C. THE TRIAL JUDGE IGNORED THE FACT THAT THE DEFENDANT, CUMBERLAND COUNTY CONSTRUCTION BOARD OF APPEALS, DID NOT KEEP A TRANSCRIPT OF THE HEARINGS ON THE PLAINTIFF'S APPEAL AS IS REQUIRED BY APPLICABLE NEW JERSEY LAW.

D. THE TRIAL JUDGE IGNORED THE FACT THAT THE DEFENDANT, CUMBERLAND COUNTY CONSTRUCTION BOARD OF APPEALS, HAS NEVER PROPERLY SERVED THE PLAINTIFF WITH A COPY OF ITS DECISION VIA CERTIFIED MAIL AS IS REQUIRED BY N.J.S.A. 52:27D–127(b), AND N.J.A.C. 5:23A-2.1(c); AND THEREFORE THE PLAINTIFF'S APPEAL PERIOD HAS YET TO BEGIN.

E. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR BY DENYING THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT, CUMBERLAND COUNTY CONSTRUCTION BOARD OF APPEALS, DESPITE THE FACT THAT PLAINTIFF'S CROSS-MOTION WAS UNOPPOSED.

## II.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

11

Plaintiff contends the trial court should not have granted the City defendants and CCCBOA's motions for summary judgment or dismissed its amended prerogative writs complaint with prejudice just because it was not served consistent with Rule 4:4-1. We disagree with plaintiff's arguments and affirm the trial court's orders.

Actions of a municipal body are presumed valid and will not be disturbed without sufficient proof that the conduct was arbitrary, capricious or unreasonable. See Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015); Witt v. Gloucester Cty. Bd. of Chosen Freeholders, 94 N.J. 422, 430 (1983). The burden of proof rests with the plaintiff who challenges the municipal action. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). An action in lieu of prerogative writs is "a comprehensive safeguard against official wrong," Mullen v. Ippolito Corp., 428 N.J. Super. 85, 102 (App. Div. 2012) (quoting Garrou v. Teaneck Tryon Co., 11 N.J. 294, 302 (1953)), which allows a citizen to challenge a municipality's action or inaction.

Rule 4:69-6(a) addresses prerogative writs actions and provides that "no action . . . shall be commenced later than [forty-five] days after the accrual of the right to the review, hearing or relief claimed." "The [forty-five]-day time frame contained within R. 4:69-6 'is designed to give an essential measure of

12

repose to actions taken against public bodies.'" Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 423 (App. Div. 2002) (quoting Washington Twp. Zoning Bd. v. Washington Twp. Planning Bd., 217 N.J. Super. 215, 225 (App. Div. 1987)). Rule 4:69-6(c) authorizes a court to "enlarge the period of time provided in paragraph (a) or (b) of this rule where it is manifest that the interest of justice so requires." However, "[b]ecause of the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs." Tri-State, 349 N.J. Super. at 423 (citing Cty. of Ocean v. Zekaria Realty, 271 N.J. Super. 280 (App. Div. 1994)).

In this case, "[t]he regulatory legislation pursuant to which the construction official and [CCCBOA] acted is the State Uniform Construction Code Act, N.J.S.A. 52:27D-119 to -141. This legislation directs the Commissioner of Community Affairs to adopt a State Uniform Construction Code, N.J.S.A. 52:27D-123a . . . ." In re Analysis of Walsh Trucking Occupancy & Sprinkler Sys., 215 N.J. Super. 222, 226 (App. Div. 1987). The legislation provides that "[t]here shall be a construction board of appeals for each county to hear appeals from decisions by the enforcing agency . . . ." N.J.S.A. 52:27D-127(a). When an enforcing agency makes a decision under the Code, an owner

can appeal in writing to the board. N.J.S.A. 52:27D-127(b). The statute provides further:

> [t]he board shall hear the appeal, render a decision thereon and file its decision with a statement of the reasons therefor with the enforcing agency from which the appeal has been taken not later than [ten] business days following the submission of the appeal, unless such period of time has been extended with the consent of the applicant. Such decision may affirm, reverse or modify the decision of the enforcing agency or remand the matter to the enforcing agency for further action. A copy of the decision shall be forwarded by certified or registered mail to the party taking the appeal. Failure by the board to hear an appeal and render and file a decision thereon within the time limits prescribed in this subsection shall be deemed a denial of the appeal for purposes of a complaint, application or appeal to a court of competent jurisdiction.

Here, plaintiff filed the first prerogative writs complaint on October 3, 2016, a day before the CCCBOA hearing was to commence. It was not served. The amended complaint was filed on January 26, 2017 but was not served on the City defendants and the CCCBOA until August 14, 2017.[4]

Rule 4:4-1 governs the rules of service. "If a summons is not issued within [fifteen] days from the date of Track Assignment Notice, the action may be dismissed." The policy behind Rule 4:4-1 is to "ensure . . . defendant will have

---

[4] The amended complaint was briefly dismissed in April 2017 by the Civil Division but reinstated the next day.

notice of the complaint and be afforded an early opportunity to answer or take other appropriate steps" and "keep the plaintiff's interest in the case active . . . [requiring] the plaintiff to do more than deposit a pleading in the clerk's office." Czepas v. Schenk, 362 N.J. Super. 216, 222-23 (App. Div. 2003) (citations omitted).

The summons provides vital information to a defendant. R. 4:4-2. Critically, it advises of the defendant's ability to file an answer, that without an answer a default judgment may be entered against the defendant, and if the defendant does not have a lawyer, that he or she may communicate with the Lawyer Referral Service within the county. Ibid. For those who cannot afford an attorney, the toll-free hotline number of Legal Services of New Jersey is included in the summons. Ibid.

A violation of Rule 4:4-1 generally "should not result in dismissal when the defendant is not prejudiced . . . ." Czepas, 362 N.J. Super. at 223. The court should take into consideration whether the party was "timely made aware of the claim," whether the plaintiff had "good cause for failure of timely service," and whether the failure of timely service was simply "neglect[]." Ibid. "[T]he court is accorded the discretion to dismiss with prejudice . . . where the violation is egregious, where the adverse party would otherwise be unduly prejudiced, or

15

where the interests of justice require." Tall Timbers Property Owners Ass'n v. Tall Timbers, 217 N.J. Super. 119, 124-25 (App. Div. 1987) (citing Zaccardi v. Becker, 88 N.J. 245 (1982)).

The trial court's dismissal of the amended complaint with prejudice was an appropriate exercise of discretion here. Plaintiff filed a prerogative writs complaint one day before the scheduled CCCBOA hearing with the apparent strategy of wresting jurisdiction from the CCCBOA. See Cicchine v. Twp. of Woodbridge, 413 N.J. Super. 393, 400-401 (Law Div. 2010) (providing "[t]he filing of a notice of appeal invokes the jurisdiction of the appeal tribunal and divests the board of jurisdiction except as reserved by statute or rule."). By plaintiff filing but not serving the amended complaint, the Law Division could not proceed. See Sobel v. Long Island Entm't Prods., Inc., 329 N.J. Super. 285, 293 (App. Div. 2000) ("The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. Any defects . . . are fatal and leave the court without jurisdiction and its judgment void.") (quoting Driscoll v. Burlington–Bristol Bridge Co., 8 N.J. 433, 493 (1952)). The CCCBOA was put in the position of needing to address the appeal and conducted a hearing. Plaintiff did not participate in the CCCBOA

16

hearing nor did plaintiff ask for a stay. All of this prejudiced the City defendants and the CCCBOA.

After the CCCBOA decision, plaintiff amended the prerogative writs complaint, but once again did not serve it. Plaintiff plainly was aware the complaint had not been served because it amended the complaint without first receiving permission to amend it from the parties or from the court. See R. 4:9-1 (providing that "[a] party may amend any pleading as a matter of course at any time before a responsive pleading is served," but after that, "only by written consent of the adverse party or by leave of court"). By the time plaintiff served the amended complaint, the premises largely were abandoned, the EPA required all the ammonia to be removed, DiMeo moved to another country, and the mortgage loan on the property was in default.[5] Thus, defendants were litigating the Notice in the context of a shuttered business. This was additional prejudice.

Plaintiff did not explain the cause of its delay in service. Its counsel noted only that defendants had not claimed prejudice. Had they, he would have alleged "excusable neglect." Plaintiff stated that "[m]y client and I had other things that we were worried about. It won't happen again . . . ." Even if this qualified as

---

[5] The property had been pledged as security for a loan. In June 2017, a judgment in favor of the UEZ was entered against plaintiff for $473,295.45.

A-2890-18T2

attorney neglect, it does not constitute good cause for why the amended complaint was not served until August 2017.

Plaintiff relies on McLaughlin v. Bassing, 100 N.J. Super. 67, 70 (App. Div. 1967) (Sullivan, J., dissenting), rev'd on dissent, 51 N.J. 410 (1968). In McLaughlin, defendants did not assert that they were unaware a complaint had been filed and "stipulated that they have suffered no specific or demonstrable prejudice as a result of the time lapse." Id. at 70. It was caused by continued settlement "negotiations." Ibid. McLaughlin is distinguishable because it was not a prerogative writs case and there was no prejudice. In fact, none of the cases cited by plaintiff for support are persuasive because none of these cases involve prerogative writs.

The validity of the Notice—which clearly raised a safety issue of concern to the City defendants—was left without finality because of plaintiff's failure to serve the City defendants and the CCCBOA. The amended complaint was filed but could not go forward without service. Service did not occur until August 2017, which was eight months after the CCCBOA decision and eleven months after the first prerogative writs complaint was filed in October 2016. This delay was entirely inconsistent with the accelerated nature of a prerogative writs action, particularly where the issue involved public safety. Plaintiff did not

18

satisfy any of the reasons that might justify an extension.  See Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 152 (2001) (providing that the Supreme Court defined three categories that may qualify for an exception: "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975))).  There was no "interest in justice" served by allowing plaintiff to continue this litigation beyond the forty-five-day limit prescribed in Rule 4:69-6, using its strategy of filing the prerogative complaint as a kind of placeholder and then not serving it.  This delay in service was not consistent with the prerogative writs' procedures.

We have no need to determine whether the CCCBOA failed to meet the ten-day time frame set forth in N.J.S.A. 52:27D-127(b).  If the CCCBOA did not comply with the statute, as plaintiff alleges, then plaintiff's appeal of the Notice was denied by virtue of the statute and it could file a prerogative writs action to contest that.  Plaintiff did that.  If the statute was not violated—because plaintiff had consented to an extension and the hearing proceeded—plaintiff could file its prerogative writs action after the CCCBOA decision, which is what

it did when it filed the amended complaint. We fail to see how resolution of this issue would matter in this context. We decline to provide an advisory opinion interpreting this statute. "[W]e do not render 'recommendations' but rather 'decide only concrete contested issues conclusively affecting adversary parties in interest.'" Indep. Realty Co. v. Twp. of N. Bergen, 376 N.J. Super. 295, 301 (App. Div. 2005) (quoting N.J. Turnpike Auth. v. Parsons, 3 N.J. 235, 240 (1949)).

We have considered plaintiff's remaining arguments and the record, finding they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2890-18T2