270 N.J. Super. 390 (1994)
637 A.2d 232
BRENDON CONNORS, PLAINTIFF-APPELLANT,
v.
SEXTON STUDIOS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1994.
Decided February 16, 1994.
*392 Before Judges PRESSLER, DREIER and KLEINER.
Brendon Connors, pro se.
Schubert, Bellwoar, Mallon & Walheim, attorneys for respondent (James M. Tyler, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff, Brendon Connors, appeals both from the dismissal of his small claims complaint in the Special Civil Part and from the denial of his motion to vacate the dismissal.
Plaintiff instituted this action for breach of contract alleging that defendant, Sexton Studios, failed to deliver reproduction quality transparencies for which plaintiff had paid. The transparencies were allegedly flawed and had to be corrected at a cost of $850. The case was listed for October 23, 1992 at 9:00 a.m., but plaintiff was late arriving to court. He claims that he left New York City at 6:30 a.m., but had traffic delays through the Lincoln Tunnel into New Jersey. He then picked up the evidence and proceeded to the courthouse. He found the parking lot full and drove around until he could find a parking spot. He reached the courtroom indicated in the trial notice only to find that the judge was sitting in a different courtroom. On the way to the proper courtroom he met defendant's principal, Harry Sexton, and his attorney. Mr. Sexton shook his hand and stated "[n]o hard feelings, the case has been dismissed." Plaintiff asked Mr. Sexton and his attorney to return to the courtroom with him so that he could explain the situation to the judge and have the case heard, but they declined. When plaintiff reached the courtroom the clerk was still calling the list. Plaintiff waited until the call was completed and then approached the clerk. He informed plaintiff *393 that the matter had indeed been dismissed, but that he could make a motion to vacate the dismissal.
Plaintiff made the appropriate motion, but was informed by the trial judge that he holds his trial call at 9:15 a.m., affording an extra fifteen minutes in case litigants had trouble parking, but that if a plaintiff is not there with his or her witnesses when the case is called, the matter is dismissed. The judge refused to restore the case because defendant's principal and his attorney had appeared, defense counsel representing at the motion that they had even had an expert witness with them.
The sanctions for failure to appear are established by R. 1:2-4 which provides:
(a) Failure to Appear. If without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party on the call of a calendar ... or on the day of trial ... the court may order any one or more of the following: (a) the payment by the delinquent attorney or party ... of costs, in such amount as the court shall fix, to the clerk of the county in which the action is to be tried ... or to the adverse party; (b) the payment by the delinquent attorney or party ... of the reasonable expenses, including attorney's fees, to the aggrieved party; (c) the dismissal of the complaint ...; or (d) such other action as it deems appropriate.
Generally, such dismissals are without prejudice unless the court for good cause orders otherwise. Cf. R. 4:37-2(a); Woodward-Clyde Consultants v. Chemical & Pollution Sciences, Inc., 105 N.J. 464, 471, 523 A.2d 131 (1987). In any event, the dismissal remedy, especially, as here, a dismissal with prejudice, should not be invoked except in the case of egregious conduct on the part of a plaintiff, and should generally not be employed where a lesser sanction will suffice. Cf. Woodward-Clyde Consultants, supra, 105 N.J. at 471, 523 A.2d 131; Johnson v. The Mountainside Hosp., 199 N.J. Super. 114, 119-120, 488 A.2d 1029 (App.Div. 1985).
Ordinarily, one or more of the lesser sanctions of the rule would apply, namely, the payment of defendant's costs, attorney's fees and/or out-of-pocket costs for the first appearance. In this case, however, there are two reasons why such payment will not be ordered. The first is a conditional reason, since the trial judge *394 never determined whether there was "just excuse" for plaintiff's late appearance, or whether plaintiff failed "to give reasonable attention to the matter." If in fact plaintiff's late appearance was caused by a traffic tie-up in the Lincoln Tunnel, parking difficulties in the courthouse lot, and the change of courtroom from the one appearing in the trial notice, no sanction at all might have been indicated. If plaintiff has truthfully represented that he left his work in New York at 6:30 a.m. for a 9:00 o'clock noticed trial in Camden, his conduct may have been blameless. The sanctions may be imposed only for failure to appear "without just excuse or because of failure to give reasonable attention to the matter." R. 1:2-4.
But whether or not the trial judge would have found such lack of blame, a second reason more than justifies the imposition of no costs against plaintiff. When defendant's principal and his attorney met plaintiff as they were leaving the courtroom, any sense of decency and fair play should have dictated that they return to the courtroom with him and permit him to make an explanation to the judge. This all occurred at a time when there would have been no prejudice to defendant and the case could still have been heard on the date it was originally scheduled.[1] This lack of professional courtesy precludes defendant from claiming its original costs and attorney's fees when the matter is retried. Such professional courtesy is owed, not just to other attorneys, but also to pro se litigants. Any expenses to defendant attendant upon the retrial of the matter are of defendant's own making. The sanctions enumerated in R. 1:2-4(a) are therefore unwarranted in this case.
*395 We reiterate to the trial judge that not only are procedural dismissals with prejudice generally unwarranted in situations such as this, but procedural dismissals themselves are not favored. See Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319, 202 A.2d 175 (App.Div.), aff'd, 43 N.J. 508, 205 A.2d 744 (1964); Yancsek v. The Hull Corp., 204 N.J. Super. 429, 433, 499 A.2d 242 (App.Div. 1985). Plaintiff's explanations concerning his late arrival on October 23, 1992 were uncontroverted. Yet plaintiff was told in effect by the trial judge that since the list was called commencing at 9:15 a.m. and defendant was present, no excuse, however reasonable, would justify plaintiff's tardiness and that his cause of action was lost. We remind the judge that courts exist to serve the litigants, not the other way around. Cases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available. We reiterate Judge Cohen's statement in Audobon Volunteer Fire Co. No. 1 v. Church Constr. Co., Inc., 206 N.J. Super. 405, 406-407, 502 A.2d 1183 (App.Div. 1986):
We appreciate the desirability of the prompt disposal of cases. Courts should not forget, however, that they merely provide a disinterested forum for the just resolution of disputes. Ordinarily, the swift movement of cases serves the parties' interest, but the shepherding function we serve is abused by unnecessarily closing the courtroom doors to a litigant whose only sin is to retain a lawyer who delays filing an answer during settlement negotiations. Eagerness to move cases must defer to our paramount duty to administer justice in the individual case....
There are ways short of dismissal or default to deal with slowdowns which cost a party money, waste the lawyers' time, prejudice a plaintiff's ability to collect a judgment or a defendant's ability to defend against one, or unjustifiably consume judicial resources.... Until courts have exhausted means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom.
As Justice Potter Stewart said while sitting on the U.S. Court of Appeals: The prompt and vigorous administration of the ... law is to be commended and encouraged. But swift justice demands more than just swiftness. [Henderson v. Bannan, 256 F.2d 363, 390 (dissent) (6 Cir.1958)].
The judgment of dismissal is reversed and this matter is remanded to the Special Civil Part for trial before a different judge.
NOTES
[1] We further note that the record in this case indicates that when the case was called it was dismissed as there was no answer by either plaintiff or defendant. Had defendant answered, counsel may have been requested to place a telephone call and determine whether plaintiff was on his way, or defendant might have been requested by the court to remain for a few minutes and see if plaintiff might arrive. The lack of appearance by either side was some indication to the court that the matter may have been settled or that the parties no longer sought to pursue their legal remedies.