NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0235-16T2

MARGARET REARDON,

 Plaintiff-Respondent,

v.

ROSSY SANTOS, LESBIA V.
MENDEZ, MY OWN HANDS SERVICES,
LLC, and ESTEBAN MANUEL,

 Defendants-Appellants.
_______________________________

 Submitted November 8, 2017 - Decided November 30, 2017

 Before Judges Hoffman and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No.
 L-2662-16.

 Ernest G. Ianetti, attorney for appellants.

 Murano & Roth, LLC, attorneys for respondent
 (John F. Murano, on the brief).

PER CURIAM
 Defendants Rossy Santos, Lesbia V. Mendez, My Own Hands

Services, LLC and Esteban Manuel appeal from a June 24, 2016 order1

awarding $1400 in attorney's fees to plaintiff as a result of

defense counsel's failure to prepare and provide a brief in

opposition to a summary judgment motion filed on behalf of

plaintiff Margaret Reardon. We reverse.

 Plaintiff sued defendants for the return of money she paid

for reconstruction of her home after it was destroyed by a fire.

Defendants filed a counterclaim seeking payment for work

performed.

 Plaintiff filed a motion for summary judgment against

defendants two months after filing her complaint. Plaintiff's

motion was filed prior to the service of discovery by either party.

 Defendants requested a two-week adjournment of the summary

judgment motion because their counsel was defending back-to-back

criminal trials as a pool attorney for the Office of the Public

Defender. Plaintiff's counsel was unable to agree to the

adjournment request because: he would be on vacation the following

motion cycle, his client was elderly and anxious about the loss

of the money she paid to defendants, and plaintiff's counsel

1
 On August 5, 2016, the judge certified the order "as final to
permit [defense counsel] to seek appellate review."

 2 A-0235-16T2
believed defendants had no valid defense and one of the

individually named defendants was in the country illegally.

 Four days prior to the original return date of plaintiff's

motion, defense counsel wrote to the court requesting a two-week

adjournment. Plaintiff's counsel opposed the requested

adjournment and the motion judge denied the adjournment.

 Both counsel appeared in court on the return date of

plaintiff's motion. Defense counsel renewed his request for a

two-week adjournment of the motion. The judge heard from both

counsel on the renewed adjournment application. During argument

on the adjournment request, plaintiff's attorney sought counsel

fees for his time spent preparing and attending court. Plaintiff's

counsel advised the motion judge that he spent four hours of time,

including driving to/from the court that day and preparing for the

summary judgment argument, at a rate of $375 per hour. 2 Defense

counsel asked the motion judge to delay any decision on an award

of attorney's fees pending the outcome of the summary judgment

motion. The motion judge adjourned the motion, but ordered defense

counsel to pay plaintiff's counsel $1,400 in fees.

 Defendants filed timely opposition to the adjourned summary

judgment motion on behalf of the individual defendants and

2
 The motion judge awarded $350 per hour as a "fair and reasonable
rate."

 3 A-0235-16T2
stipulated that the corporate defendant committed a regulatory

violation of the Consumer Fraud Act. Plaintiff's summary judgment

motion was eventually denied on the merits.

 We review an award of sanctions pursuant to Rule 1:2-4 for

abuse of discretion. Shore Orthopaedic Grp., LLC v. Equitable

Life Assurance Soc'y, 397 N.J. Super. 614, 623 (App. Div. 2008),

aff'd, 199 N.J. 310 (2009) (awarding of attorney's fees should not

be disturbed unless it constitutes a clear abuse of discretion).

A court may award reasonable attorney's fees when authorized to

do so by rule or statute. Id. at 623-24. Rule 1:2-4, provides:

 (a) Failure to Appear. If without just excuse
 or because of failure to give reasonable
 attention to the matter, no appearance is made
 on behalf of a party on the call of a calendar,
 on the return of a motion, at a pretrial
 conference, settlement conference, or any
 other proceeding scheduled by the court, or
 on the day of trial, or if an application is
 made for an adjournment, the court may order
 any one or more of the following: (a) the
 payment by the delinquent attorney or party
 or by the party applying for the adjournment
 of costs, in such amount as the court shall
 fix, to the Clerk of the Court . . . or to
 the adverse party; (b) the payment by the
 delinquent attorney or party or the party
 applying for the adjournment of the reasonable
 expenses, including attorney's fees, to the
 aggrieved party . . . .

 (b) Motions; Briefs. For failure to comply
 with the requirements of R. 1:6-3, 1:6-4 and
 1:6-5 for filing motion papers and briefs and
 for failure to submit a required brief, the
 court may dismiss or grant the motion or

 4 A-0235-16T2
 application, continue the hearing to the next
 motion day or take such other action as it
 deems appropriate. If the hearing is
 continued, the court may impose sanctions as
 provided by paragraph (a) of this rule.

 Judges should impose sanctions sparingly when "litigants have

failed to comply precisely with particular court schedules, unless

such noncompliance was purposeful and no lesser remedy was

available." Connors v. Sexton Studios, Inc., 270 N.J. Super. 390,

395 (App. Div. 1994). Before a court imposes sanctions, the judge

should consider whether there has been a showing of prejudice on

the part of the requesting party. Mayfield v. Cmty. Med. Assocs.,

335 N.J. Super. 198, 207 (App. Div. 2000). Our review of an order

imposing sanctions "requires us to abstain from interfering with

those discretionary decisions unless an injustice has been done."

Mandel v. UBS/PaineWebber, Inc., 373 N.J. Super. 55, 82-83 (App.

Div. 2004) (quoting Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super.

557, 571 (App. Div. 2000)).

 We conclude the motion judge mistakenly exercised her

discretion in sanctioning defense counsel by awarding attorney's

fees to plaintiff. Defense counsel was reasonable in requesting

an adjournment due to his back-to-back criminal trial schedule as

a pool attorney for the Office of the Public Defender. Defense

counsel explained that his workload increased dramatically as a

result of being assigned additional cases by the Office of the

 5 A-0235-16T2
Public Defender. Under the circumstances, defense counsel's

noncompliance with the court rule governing the filing of a timely

opposition brief was not an act of purposeful defiance. Nor did

the motion judge find defense counsel acted in bad faith. Further,

plaintiff's counsel failed to articulate any substantial prejudice

to his client as a result of a two-week adjournment of the motion.

Thus, the motion judge's imposition of sanctions under the

circumstances was an injustice.

 Reversed.

 6 A-0235-16T2