**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2426-15T4

IN THE MATTER OF
VALENTINA ASTAFUROVA, Deceased.

_____

Submitted April 25, 2017 — Decided December 5, 2017

Before Judges Fisher and Leone.

On appeal from Superior Court of New Jersey,
Chancery Division, Bergen County, Docket No.
P-000035-15.

Yury Astafurov, appellant pro se.

Respondents Igor Solonkovich and Nikolay
Astafurov have not filed a brief.

The opinion of the court was delivered by

LEONE, J.A.D.

Appellant Yury Astafurov appeals the January 13, 2016 dismissal of his complaint without prejudice.

I.

On December 15, 2014, the Bergen County Surrogate's Court issued an order certifying decedent Valentina Astafurova's will, and letters testamentary to the executors, respondents Igor Solonkovich and Nikolay Astafurov. On January 30, 2015, appellant,

the son of Valentina and Nikolay, filed a complaint in the Chancery Division to challenge the validity of the will.

Appellant alleges that a hearing was scheduled on June 19, 2015, but he was unable to obtain a U.S. visa to come to the United States for the hearing, and the hearing was postponed to August 14, 2015, September 11, 2015, October 22, 2015, and finally January 25, 2016.

The trial court filed a letter order on January 13, 2016. The order related that appellant's January 11, 2016 fax stated he would be unable to participate in the trial scheduled for January 25, "owing to his continuing inability to secure a US visa to come to the United States for the trial, or to prepare for a trial." The court ruled simply: "Accordingly, the trial is cancelled and the Complaint of Mr. Yury Astafurov is dismissed, without prejudice and without costs."

Appellant filed a timely appeal. Respondents have not filed a brief. The issue before us is "whether the trial court abused its discretion in selecting that [dismissal] sanction." See Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005). We must hew to that standard of review.

## II.

It is unclear what rule the trial court relied upon to dismiss appellant's complaint. The rule applicable to "Failure to Appear" at trial is Rule 1:2-4(a), which states:

> If without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party . . . on the day of trial, or if an application is made for an adjournment, the court may order any one or more of the following: (a) the payment . . . of costs . . . ; (b) the payment . . . of reasonable expenses, including attorney's fees . . . ; (c) the dismissal of the complaint . . .; or (d) such other action as it deems appropriate.

"Generally, such dismissals are without prejudice unless the court for good cause orders otherwise." Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 393 (App. Div. 1994). "[T]he dismissal remedy, especially . . . a dismissal with prejudice, should not be invoked except in the case of egregious conduct on the part of a plaintiff, and should generally not be employed where a lesser sanction will suffice." Ibid. "[N]ot only are procedural dismissals with prejudice generally unwarranted in situations [where a plaintiff fails to appear for trial], but procedural dismissals themselves are not favored." Id. at 395.

The trial court's order appeared to accept appellant's assertion that he tried and failed to get the necessary visa to appear for trial. The court did not find appellant's failure was

"without just excuse of because of failure to give reasonable attention to the matter." R. 1:2-4(a). Even if such a finding were warranted, "[o]rdinarily, one or more of the lesser sanctions of the rule would apply, namely, the payment of defendant's costs, attorney's fees and/or out-of-pocket costs for the first appearance." Ibid. Without such a finding, no sanction could be imposed under Rule 1:2-4. Connors, supra, 270 N.J. Super. at 393.

Moreover, it does not appear such a finding would be warranted. It is undisputed that appellant cannot legally enter the United States without a visa, that he timely applied for a visa, and that the United States government denied a visa.

Faced with that situation, the trial court should not have immediately dismissed the complaint. In Brunson v. Affinity Fed. Credit Union, 199 N.J. 381 (2009), the plaintiff, a necessary witness subpoenaed to appear at trial, could not appear for trial because he was in federal prison in Oklahoma and he could not compel the United States to allow him to attend trial. Id. at 404-05. The Supreme Court reversed the trial court's "'dismissal of the case,'" holding that "when confronted with a plaintiff who fails to appear as a witness, trial courts first must explore less drastic remedies before invoking the ultimate sanction of dismissal." Id. at 385, 404.

> There are reasoned, intermediate steps between the outright dismissal of the complaint and allowing plaintiff's claims to go forward in his absence that should have been explored. For example, the rules governing pre-trial depositions could have been invoked to take plaintiff's deposition <u>de bene esse</u>, that is, "in anticipation of a future need[.]" Even outside the confines of a pending case, procedures exist to preserve testimony when needed. <u>See</u> <u>R.</u> 4:11-3 (providing that <u>Rules</u> "do not limit the court's power to entertain an action to perpetuate testimony or to enter an order in any pending action for the taking of a deposition to perpetuate testimony").
>
> [<u>Id.</u> at 405-06 (other citations omitted).]

Here, the trial court similarly failed to explore the <u>Rules</u>' "reasonable alternatives that should be explored when a party is unable" to attend trial. <u>Id.</u> at 406. "Until courts have exhausted means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom." <u>Connors</u>, <u>supra</u>, 270 <u>N.J. Super.</u> at 395 (quoting <u>Audobon Volunteer Fire Co. No. 1 v. Church Constr. Co., Inc.</u>, 206 <u>N.J. Super.</u> 405, 406-407 (App. Div. 1986)). Accordingly, we reverse the dismissal of the complaint and remand for further proceedings.

Appellant requests other relief. However, such relief is not properly before us.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-2426-15T4