**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3723-16T4

ARTHUR B. DENNIS,

    Plaintiff-Appellant,

v.

MEGAN M. STETTLER and
JESSICA R. SHAW,

    Defendants-Respondents.

_____

          Argued October 2, 2018 – Decided  December 31, 2018

          Before Judges Rothstadt and Natali.

          On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. DC-007067-13.

          Arthur B. Dennis, appellant, argued the cause pro se.

          Donna M. Hawley argued the cause for respondent Megan M. Stettler (Cooper, Maren, Nitsberg, Voss & DeCoursey, attorneys; Donna M. Hawley, of counsel and on the brief).

PER CURIAM

In this Special Civil Part action, plaintiff Arthur B. Dennis sued defendants Megan M. Stettler and Jessica R. Shaw for damages arising from personal injuries and property damage plaintiff allegedly sustained as a result of two separate automobile accidents: one with Stettler, and the other five minutes later with Shaw. Plaintiff appeals from the trial court's April 3, 2017 order dismissing his complaint with prejudice after the parties appeared for trial on a previously assigned "try or dismiss" date and plaintiff advised the court that he would not proceed to trial that day.

On appeal, plaintiff contends that the judgment dismissing his case should be vacated under Rule 4:50 because it was obtained through a "fraud on the court." He also contends that the trial court abused its discretion by not changing venue, that it erred in dismissing his complaint, and that it violated a "public policy against piecemeal adjudication."[1] For the reasons that follow, we affirm.

---

[1] Plaintiff raises additional arguments in his reply brief that were neither raised before the trial court nor addressed in his merits brief. Because these issues were not presented to the trial court or argued in his merits brief, they are not properly before us and are deemed waived. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (stating we "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest"); see also Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (claims not addressed in merits brief deemed abandoned).

The facts gleaned from the record are summarized as follows. Plaintiff's two accidents occurred on October 12, 2011, and according to plaintiff, they caused him to suffer injuries to his back and damage to his automobile. Plaintiff filed suit in 2013 and, due to alleged discovery violations, the trial court dismissed his complaint with prejudice for the first time on August 24, 2014. Plaintiff appealed and we reversed and remanded for the reasons stated in our unpublished opinion filed in May 2016. See Dennis v. Stettler, Docket No. A-0742-14 (App. Div. May 3, 2016).

After our remand, on August 23, 2016, the matter came before the court for a trial. At the commencement of the trial, plaintiff stated that he was suing only for economic losses, but that he was not prepared to proceed with trial on that day because he wanted a change in venue based on his belief that he would not receive a fair trial in Atlantic County. Stettler also sought an adjournment of the matter based on her unavailability. The trial court denied the motions and the matter proceeded to trial before a jury.

Plaintiff was the only witness who testified on his behalf. At the close of plaintiff's case, Stettler moved to dismiss under Rule 4:37-2(b) because plaintiff had not provided expert testimony regarding his alleged injuries and economic loss. The court granted the motion and dismissed the case against Stettler with

3

prejudice. A default judgment was entered against Shaw, who failed to appear at trial.

The court subsequently scheduled a post-trial conference regarding both cases for October 21, 2016. At the conference, the trial court informed the parties that it had entered default judgment against Shaw in error because she had not been notified of the trial date. The court then reinstated the case as to all parties.

Plaintiff filed a motion to change venue on December 6, 2016. On January 6, 2017, the day the motion was scheduled to be heard, plaintiff appeared in court, but became angry with court staff and defense counsel and ultimately chose to leave the courthouse. That same day, the trial court denied the motion to change venue and scheduled trial for February 23, 2017.

On the trial date, the parties appeared, but plaintiff informed the court that he was not ready to proceed as he again sought a change in venue. The trial court informed plaintiff it would not change its earlier decision, but agreed to entertain a motion to stay the trial date in order to give plaintiff an opportunity to file an interlocutory appeal from the January 6, 2017 order denying a change in venue. After considering the parties' arguments, the trial court assigned the matter an April 3, 2017 "try or dismiss" date and stated that the case would be

going forward that day without excuses. The trial court also informed the parties that if they wished to have the matter tried by a jury, they would need to file a request with the court at least seven days prior to that date so jurors could be summoned.

On April 3, 2017, the parties appeared for the scheduled trial. By that date, plaintiff had not filed an interlocutory appeal nor did either party request a jury. Plaintiff again advised the court that he was not prepared to move forward and try the case because he did not "trust the court." The trial court ordered that the plaintiff's complaint be dismissed with prejudice, placing its reasons for doing so on the record that day.

Plaintiff filed a notice appeal from the trial court's April 3, 2017 order. Subsequently, the trial court issued an amplification of its decision under Rule 2:5-1(b), explaining the procedural history of the matter and asserting that plaintiff was aware well in advance of trial that if he was not prepared to try the case, the matter would be dismissed with prejudice.

We begin our review by addressing plaintiff's contention that the trial court abused its discretion by dismissing his complaint with prejudice. We review a court's decision to dismiss with prejudice for failure to appear at trial under an abuse of discretion standard. Trial courts have broad discretion in

determining whether to grant or deny an adjournment request. State v. Jenkins, 349 N.J. Super 464, 478 (App. Div. 2002). When reviewing an exercise of such discretion, the Appellate Division will not substitute its judgment for that of the trial court, but will consider only whether the trial court "pursue[d] a manifestly unjust course." Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div. 1996).

Plaintiff argues that because Stettler had once obtained an adjournment of an earlier trial date, Shaw was not present in court on the "try or dismiss" trial date, and a jury had not been called that day, the matter should not have been dismissed. Moreover, he contends that because there was no provision for a dismissal with prejudice in the court's notice scheduling the trial date, any dismissal should have been without prejudice. We disagree.

Rule 1:2-4(a) provides that a trial court may dismiss a complaint if "without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party . . . on the day of trial[.]" If a party wishes to adjourn, absent good cause for the delay, he or she must submit requests for adjournments to the clerk's office no less than five days before the scheduled court event. R. 6:4-7. Dismissals for failure to appear are generally without prejudice "unless the court for good cause orders otherwise." Connors

6

v. Sexton Studios, Inc., 270 N.J. Super. 390, 392-93 (App. Div. 1994) (finding that no good cause existed to dismiss plaintiff's case with prejudice where he was not present in the courtroom when the case was called due to traffic and parking issues). Egregious conduct or purposeful noncompliance with court schedules on the part of the plaintiff constitutes good cause for dismissal with prejudice. See Ibid.; see also Rule 4:37-2(a) (applying the same standard to a party's motion to dismiss for failure to comply with a court rule). Dismissal with prejudice is normally ordered "only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party. . . ." Zaccardi v. Becker, 88 N.J. 245, 253 (1982).

Here, we do not discern any abuse of the trial court's discretion in dismissing plaintiff's complaint with prejudice. Prior to its dismissal, the matter already had three scheduled court dates—January 6, 2017 for the motion to change venue, and trial dates of February 23, 2017 and April 3, 2017—where plaintiff either voluntarily left the courthouse or stated that he was unwilling to proceed with trial, which is tantamount to failure to appear under Rule 1:2-4. Plaintiff did not notify the clerk's office in advance that he wished to adjourn, as required under Rule 6:4-7, and did not demonstrate good cause for not doing so. On all of the dates, Stettler was present and ready to proceed. Moreover,

7

prior to the dismissal, the trial court offered plaintiff several accommodations, allowing him, for example, time to file an interlocutory appeal. Despite those accommodations, plaintiff refused to proceed, primarily based upon his distrust of the court and defense counsel. Plaintiff's actions constituted "egregious conduct" and disregard of the court's authority, and thus established good cause for dismissing his complaint with prejudice.

We turn our attention next to plaintiff's argument that he is entitled to relief under Rule 4:50-1(c) from the order dismissing his complaint, an argument plaintiff never raised before the trial court. Because it was not raised before the trial court, we decline to consider his argument. See Zaman, 219 N.J. at 226-27. Even if we were to consider it, based upon what he has argued to us, we conclude that plaintiff failed to establish there was any fraud on the court as he has not "demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability [to] impartially . . . adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Triffin v. Automatic Data Processing, Inc., 411 N.J. Super. 292, 298 (App. Div. 2010) (quoting Triffin v. Automatic Data Processing,

Inc., 394 N.J. Super. 237, 251 (App. Div. 2007)). Plaintiff has not met this burden.

We next consider plaintiff's appeal from the denial of his motion to change venue. We review a court's decision not to change venue under an abuse of discretion standard, and will reverse only when that decision is "so wide of the mark that a manifest denial of justice resulted." State v. Carter, 91 N.J. 86, 106 (1982).

Plaintiff argues that the trial court abused its discretion in denying his motion to change venue from Atlantic to Cumberland County because he satisfied all of the requirements under Rule 4:3-2 and Rule 4:3-3. According to plaintiff, a change in venue was necessary because of the "authority granted to Defense Lawyers to perform the duties of the Judge and Clerk in order to guarantee the outcome of the case in favor of" defendants. He also argues that the trial court denied his motion without an explanation of its reasons as required by Rule 1:7-4(a), warranting the reversal of that order and the reinstatement of his complaint. We disagree.

A change of venue is warranted where there is "clear and convincing proof that a fair and impartial trial cannot be had" in a given venue. State v. Koedatich, 112 N.J. 225, 267 (1988) (citing State v. Wise, 19 N.J. 59, 73-74 (1955)). When

venue is challenged for this reason under <u>Rule</u> 4:3-3(a)(2), the movant has the burden of demonstrating good cause for the change. Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. on <u>R.</u> 4:3-3 (2019).

Applying these guiding principles, we conclude that plaintiff's contentions are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). Suffice it to say, plaintiff failed to meet his burden to establish a change in venue was warranted. Neither his perception that he was being treated unfairly nor his contention that defense counsel was "in control" of the case were supported by the record.

As to plaintiff's remaining arguments, we conclude they also lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3723-16T4