**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0786-17T4

AGNIESZKA DELA and MARIA
DELA,

      Plaintiffs,

v.

LONG ISLAND AUTO FIND, INC.,
and BRIAN KEEGAN,

      Defendants-Respondents,

and

KATELYN KELLEY, OWNERSHIELD,
INC., and HUDSON INSURANCE
COMPANY,

      Defendants,

and

WESTERN SURETY COMPANY,

      Defendant-Appellant.

_____

Submitted December 19, 2018 – Decided January 15, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3734-15.

Sellar Richardson, PC, attorneys for appellant (Denise M. Luckenbach, on the brief).

Respondents have not filed briefs.

PER CURIAM

Western Surety Company (Western) appeals from a September 8, 2017 order denying Western's motion to vacate the dismissal of Western's answer and cross-claim against co-defendants Long Island Auto Find, Inc. (LIAF), and Brian Keegan. After reviewing the record, we conclude that the September 8, 2017 order was entered based on a misunderstanding of the motion record, and hence, constituted a mistaken exercise of discretion. Accordingly, we reverse the order and remand with direction to vacate the dismissal and reinstate the answer and cross-claim.

A brief explanation will suffice here. Western stood as a surety to LIAF and its president, Brian Keegan, who were defendants in a consumer fraud action filed by Agnieszka Dela and Maria Dela. The Delas' complaint also named Western as a defendant, and Western in turn filed a cross-claim against LIAF and Keegan. Eventually, Western paid the Delas to settle their lawsuit against

LIAF and Keegan. LIAFF and Keegan defaulted on Western's cross-claim. The case was scheduled for a trial call on February 27, 2017. When Western's attorney failed to appear for the trial call, its answer and cross-claim were dismissed. See R. 1:2-4(a) (authorizing the court to impose sanctions, including dismissal, for failure to appear at a trial call).

Western filed a motion to vacate the dismissal and restore its answer and cross-claim. According to a certification filed by Western's attorney, after Western settled with the Delas "the entire case was inadvertently marked settled in the attorney's diary resulting in a failure to recognize the need for an appearance at the trial call on February 27, 2017." The attorney explained that she did not even realize that Western's case had been dismissed until she received a May 10, 2017 order denying her motion to enter default judgement against LIAF and Keegan. The May 10 order noted that the motion was denied because Western's pleadings had been dismissed due to failure to appear at the trial call.

The reinstatement motion did not seek reconsideration of the May 10, 2017 order. It only sought reinstatement of the stricken answer and cross-claim, for reasons the attorney explained. In an apparent misunderstanding, the trial court denied the reinstatement motion, characterizing it as an untimely motion

for reconsideration of the May 10 order and noting: "Please explain why this movant failed to appear at the Feb. 27, 2017 trial date."

We review the trial court's order for abuse of discretion. See Gonzales v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005). However, we cannot defer to a decision that is not supported by the record or otherwise rests "on an impermissible basis." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citation omitted).

In this case, we conclude that the order was a mistaken exercise of discretion, because it was based on a mistaken understanding of the motion record. The attorney explained her inadvertent failure to appear at the trial call – a mistake that, in the interests of justice, should not be visited on her client. The drastic remedy of dismissal with prejudice as a sanction is disfavored and should be invoked sparingly. See Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994). Where a party has no viable defense to a claim for indemnification, it does not serve the interests of justice to give that party a windfall by denying the claim on procedural grounds, particularly in the absence of prejudice. See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 452 (2011).

4

Accordingly, we reverse the order on appeal and remand for entry of an order granting the motion and reinstating Western's answer and cross-claim. Once the cross-claim is reinstated, Western may re-file its motion for default judgment against LIAF and Keegan, on notice to those parties.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0786-17T4