**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5063-18T1

IN THE MATTER OF THE
ESTATE OF THOMAS LIU,
    Deceased.

_____

Submitted May 14, 2020 – Decided June 30, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. P-19-000050.

Howard R. Rabin, attorney for appellant.

Schenck Price Smith & King, LLP, attorneys for respondent (Shirley Berger Whitenack, of counsel and on the brief; Meredith Leigh Grocott, on the brief).

PER CURIAM

    Plaintiff James Liu appeals from the June 11, 2019 order of the Chancery Division dismissing his complaint to set aside the last will and testament of his father, decedent Thomas Liu, with prejudice for failing to appear on the return date of an order to show cause. We affirm.

The following facts are derived from the record. Decedent is survived by his two children, plaintiff and respondent Julia Liu, who is the executor of decedent's will. Prior to his death, decedent lived with respondent and had granted her power of attorney status.

In 2013, plaintiff filed a complaint in the Chancery Division for guardianship of his father, alleging he was incapacitated and incapable of managing his affairs. The guardianship action was dismissed after an expert, requested during the proceedings by decedent's court-appointed guardian ad litem, concluded decedent was able to communicate and was mentally competent. Upon dismissal of the guardianship complaint, the trial court ordered plaintiff to pay the fees of the guardian ad litem and the expert because there was no reasonable basis for the complaint.

Although an amended order reduced the fee obligation, plaintiff did not pay the outstanding balance. The trial court thereafter issued an order to show cause requiring plaintiff to appear before the court and explain why it should not enter an order in aid of litigant's rights to ensure the fee obligation was paid. On August 15, 2016, after plaintiff did not appear on the return date in the order to show cause, the court issued a warrant for his arrest.

A will decedent executed in 2013 left seventy percent of his residuary estate to respondent and thirty percent to plaintiff in the following provision:

> [t]hirty (30%) percent to my Child, JAMES LIU, outright and free of trust. The share for JAMES LIU is not smaller because of any lack of affection, but because more substantial gifts have been made to JAMES LIU over many years, and because JULIA LIU has cared for me for many years.

However, a will decedent executed in 2015, after plaintiff initiated the guardianship action, leaves the entirety of the decedent's personal property, real property, and residuary estate to respondent. This is the last will issued before decedent died in December 2018.

On February 13, 2019, with the arrest warrant issued in the guardianship action still outstanding, plaintiff filed the present action in the Chancery Division seeking to set aside the 2015 will. The complaint alleged decedent had limitations on his cognitive abilities, exposing him to undue influence at the hands of respondent because of their confidential relationship and the "suspicious circumstances" surrounding plaintiff's disinheritance. See Pascale v. Pascale, 113 N.J. 20, 30 (1988).

Pursuant to Rules 4:67 and 4:83-1, plaintiff's application to set aside the 2015 will proceeded as a summary action, and the trial judge entered an order to show cause on March 13, 2019, requiring all parties to the action to appear

3

before the court on June 11, 2019.  Handwritten at the bottom of the order's first page is the phrase "all parties must appear on the return date of this Order to Show Cause."  Further, respondent filed a motion to dismiss the complaint for failure to state a claim, arguing plaintiff's claims were barred by res judicata, lack of standing, and mootness because there were no probate assets to be distributed from decedent's estate.  The motion was returnable the same day as the order to show cause.

On June 11, 2019, plaintiff did not appear, but his counsel did.  Noting plaintiff still had not paid the fees ordered in the previous proceeding, the judge stated "[h]e initiated that, so he availed himself of this Court's jurisdiction.  He should be here.  He should have been here then[,] and he should be here now . . . .  The Order to Show Cause was crystal clear.  I wanted him here today."

After conversing with counsel, who stated that plaintiff was concerned about the cost of traveling to court from his residence in California, the judge noted plaintiff did not request an adjournment and did not request to appear by phone until his counsel appeared in court for the hearing.  When asked if there was any other reason for plaintiff's failure to appear, his counsel stated "[t]he other reason is that there – Your Honor has issued an order for his arrest."  The

A-5063-18T1

court found plaintiff's failure to appear to be in line with the court's "prior experience with the parties" in the guardianship matter.

The court dismissed the complaint with prejudice as a sanction for plaintiff's failure to appear pursuant to <u>Rule</u> 1:2-4. The court denied respondent's motion to dismiss the complaint for failure to state a claim, holding that plaintiff had, within the four corners of the complaint, pled a viable cause of action for undue influence.[1]

This appeal followed. Plaintiff makes the following arguments:

POINT I

PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

POINT II

DEFENDANT'S BURDEN AS TO UNDUE INFLUENCE.

POINT III

NEW JERSEY COURTS HAVE A STRONG BIAS IN FAVOR OF RESOLVING CASES ON THE MERITS.

---

[1] The court ultimately granted an application by the guardian to be paid from a marital trust to which plaintiff was entitled as a result of his father's death. Plaintiff subsequently took no steps to dismiss the arrest warrant.

POINT IV

THE TRIAL COURT HAS DISCRETION TO
FASHION A REMEDY SHORT OF DISMISSAL.

The court thereafter filed an amplification letter pursuant to Rule 2:5-1(b). The court noted that at the time of the filing of the complaint, the court "had serious concerns about [plaintiff's] conduct in the matters before the court." As the court explained, plaintiff "has demonstrated his lack of respect for the orders of this court, yet he continued to avail himself of the court's process." The court also had "serious concerns about the basis of [plaintiff's] information concerning his father's lack of capacity and his sister's exertion of undue influence since [plaintiff] had not had any contact with his father since before the filing of an earlier action and, according to the papers filed with the court, up through his father's death." The court further explained that

> [p]ossessed with this knowledge from the earlier matter and the pleadings in the instant case[, it] intended to make specific inquiry of [plaintiff] both as to the basis of his knowledge concerning averments of his complaint as well as his failure to comply with the prior court orders in the earlier case involving his father and his sister.

Finally, the court noted that although the form order to show cause contains a paragraph stating that testimony is not taken on the initial return date, the court intended this to apply to non-party witnesses.

## II.

"The decision to dismiss a case or sanction parties for failure to appear . . . falls within the discretion of the trial judge." Kornbleuth v. Westover, __ N.J. __ (2020) (slip op. at 10-11). "A court abuses that discretion when the decision to impose sanctions 'is made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Ibid. (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

Rule 1:2-4(a) provides "if without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party on the call of a calendar . . . or any other proceeding scheduled by the court . . . the court may order . . . (c) the dismissal of the complaint . . . ." "The trial court has an array of available remedies to enforce compliance with a court rule or one of its orders." Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005). "When a plaintiff fails to honor a notice . . . , he subjects himself to the list of sanctions referenced in Rule 1:2-4(a), one of which is dismissal of the complaint." Ibid. (internal quotations omitted).

"In assessing the appropriate sanction for the violation of one of its orders, the court must consider a number of factors, including whether the plaintiff acted

A-5063-18T1

willfully and whether the defendant suffered harm, and if so, to what degree." Ibid. While it is true that the dismissal of a cause of action with prejudice is a drastic remedy to be invoked sparingly, it may be appropriate in circumstances where the plaintiff's violation of a court order "evinces 'a deliberate and contumacious disregard of the court's authority.'" Ibid. (quoting Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003)). "When the vindication of the court's authority standing alone is not at issue, then the prejudice suffered by the defendant also must enter into the calculus in determining the appropriate sanction." Id. at 116; see also Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 393 (App. Div. 1994) (stating "the dismissal remedy, especially, as here, a dismissal with prejudice, should not be invoked except in the case of egregious conduct on the part of a plaintiff, and should generally not be employed where a lesser sanction will suffice"). As stated by the Gonzalez Court, "[a] plaintiff cannot invoke the jurisdiction and machinery of our civil justice system, openly defy the court's authority to suit his own purposes, and expect to triumph." 185 N.J. at 117.

Plaintiff argues the trial court abused its discretion by not having resorted to a less severe remedy than dismissing his complaint with prejudice. We disagree. The trial court's oral decision and amplification letter recount in detail

A-5063-18T1

the procedural history among the parties and describe the history of the court's interactions with plaintiff. Over a number of years, plaintiff had multiple failures to appear, disobeyed court orders, and failed to satisfy fee obligations for several years, culminating in a warrant for his arrest. He then failed to comply with the unequivocal order of the trial court to appear on the return date of the order to show cause in an action he initiated. He did so in part because of the outstanding arrest warrant issued when he failed to comply with a court order. Plaintiff had an established history of invoking the court's authority when it suited his purposes and defying its orders when convenient for him to do so. Dismissal of the complaint with prejudice was warranted.

To the extent we have not addressed any of plaintiff's remaining arguments, it is because we have determined they do not warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5063-18T1