**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0659-23
                  A-1498-23

AAKASH DALAL,

      Plaintiff-Appellant,

v.

GLOBAL TEL*LINK
CORPORATION,

      Defendant-Respondent.

_____

AAKASH DALAL,

      Plaintiff-Appellant,

v.

VIAPATH TECHNOLOGIES, INC.,
and GLOBAL TEL*LINK
CORPORATION,

      Defendants-Respondents.

_____

Argued March 11, 2025 – Decided March 20, 2025

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-7456-20 and L-4260-23.

Aakash Dalal, appellant, argued the cause pro se.

Aaron Van Nostrand argued the cause for respondents (Greenberg Traurig, LLP, attorneys; Aaron Van Nostrand, on the brief).

PER CURIAM

In these consolidated appeals, plaintiff Aakash Dalal appeals from the Law Division's: August 14, 2023 order dismissing his complaint with prejudice against defendant Global Tel*Link Corporation (Global) for failing to appear for trial; October 12, 2023 order denying his Rule 4:50-1 motion to vacate the final order and reinstate his complaint against Global; October 4, 2023 order dismissing his separate complaint against defendants ViaPath Technologies, Inc. (ViaPath) and Global (collectively defendants) with prejudice based on res judicata; and December 15, 2023 order denying his Rule 4:50-1 motion to vacate the final order and reinstate his complaint against defendants. After reviewing the record, parties' arguments, and applicable legal principles, we vacate the orders dismissing plaintiff's respective complaints with prejudice and reverse and remand for further proceedings.

A-0659-23

## I.

We summarize the pertinent facts and procedural history, which are largely undisputed. On October 16, 2020, Dalal filed a complaint against Global asserting violations of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -228, and unjust enrichment. Dalal alleged Global was a calling service provider that had engaged in unconscionable commercial practices. Dalal had opted out of a federal class action against Global in the District Court of New Jersey, as he was not satisfied with the negotiated class settlement.

Global provided inmate calling services to county and state correctional facilities throughout New Jersey. Dalal has been incarcerated since 2012 and was an inmate in the Bergen County Jail (BCJ) from 2012 through 2017. To use Global's calling services, inmates in the BCJ had to deposit funds with Global or the BCJ, which could be charged. Dalal alleged that Global: was the exclusive calling service provider at the BCJ; charged an exorbitant rate per minute for calling time; and provided commissions to correctional facilities from its unconscionable earnings. He claimed a financial loss of approximately $19,000 from using Global's calling services because he frequently called family, friends, and legal counsel.

A-0659-23

After Global answered Dalal's complaint in January 2021, the parties engaged in discovery. On July 28, Global responded to Dalal's first and second sets of interrogatories. Finding Global's answers insufficient, Dalal filed a motion to compel more specific answers to his interrogatories. Global opposed the motion.

In November 2021, Dalal moved to amend his complaint, alleging fifteen claims including: CFA violations; violations of the Federal Wiretap Act, 18 U.S.C. §§ 2510 to 2522; violations of the New Jersey Wiretapping and Surveillance Control Act, N.J.S.A. 2A:156A-1 to -37; violations of 42 U.S.C.§ 1983; violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2; conspiracy to violate state and federal civil rights; common law civil conspiracy; common law invasion of privacy; negligence; and various other claims. Global also opposed this motion.

The motion judge scheduled argument via Zoom, recognizing that Dalal was incarcerated. At the March 9, 2022 hearing, the motion judge verified that Dalal was in South Woods State Prison and that future court notices should be mailed to Dalal at the prison with his "name" and "[State Bureau Identification (SBI)] number." The motion judge had to reschedule the hearing due to Dalal's limited availability on the day of the argument. The motion judge informed the

4

parties that he was being transferred to a different division, and another judge would be assigned to handle the motions. He advised the parties that after reviewing the submissions, he was "prepared [to] grant the motion to amend" and the motion to compel, but because Global's counsel declined to proceed on the papers, oral argument would be adjourned and held before another judge. The parties thereafter entered a consent order extending the discovery end date to December 31, 2022. In August, Dalal wrote to the second judge requesting his motions be relisted and decided.

On March 31, 2023, over one year later, although Dalal's motions to amend and to compel discovery had not been addressed, the court sent Dalal a trial notice for August 14, which was also uploaded to eCourts.[1] On July 19, the court issued a second trial notice for the same trial date. The notices did not contain Dalal's SBI number. Dalal maintains he never received the trial notices.

On August 14, a third judge presiding over the trial call dismissed Dalal's complaint with prejudice for failing to appear for trial.[2] Dalal moved to vacate the order of dismissal and reinstate his complaint. Dalal certified to not

---

[1] On appeal, the parties have not provided copies of the March 31, 2023 trial notice that the court sent to Dalal.

[2] The third judge's order of dismissal for Dalal's failing to appear for trial was not accompanied by an oral or written statement of reasons. See Rule 1:7-4 (1).

A-0659-23

receiving the court's trial notices. He asserted that he received a copy of the July notice, which did not contain his SBI number, from a third person after dismissal of his complaint. Dalal further certified to having advised the motion judge that correspondence should include his name and SBI number. Dalal represented he was told by court staff that scheduled court appearances "would be via Zoom due to [his] incarcerated status and that court staff would arrange them as they did [for the] March [2022]" motion hearing. Dalal certified to calling the court multiple times before the trial date and to sending a letter in August 2022 to the second judge requesting oral argument be relisted and the outstanding motions be decided. He believed "the parties could not proceed without a ruling on these motions."

The fourth judge denied Dalal's motion to vacate the dismissal with prejudice, finding the court sent Dalal a trial notice and posted notice on eCourts in March 2023. It is undisputed that Dalal could not receive eCourt notices. The fourth judge's four-sentence written statement of reasons did not address Dalal's arguments that: the court never heard or decided his motion to amend and to compel discovery; he had confirmed any correspondence must include his SBI number before the motion judge; and the third judge wrongly dismissed

6

his complaint with prejudice and should have dismissed the complaint without prejudice.

In June 2023, Dalal filed a second complaint against defendants. He asserted ViaPath was formerly known as Global and had entered into exclusive contracts with county and state correctional facilities to provide the same calling services as Global. Dalal's second complaint mirrored the proposed fifteen-count first amended complaint against Global, which Dalal had never filed because his motion to amend was not decided.

In September 2023, defendants moved to dismiss the second complaint, arguing Dalal's claims were identical to those in his first complaint. Defendants represented that the third judge's order dismissing Dalal's first complaint with prejudice for failing to appear for trial "adjudicated [the claims] on the merits." Specifically, defendants argued the second complaint should be dismissed on res judicata grounds, as it asserted the same claims against the same parties in the first complaint that already had been dismissed with prejudice. Undisputedly, Dalal's first complaint only alleged CFA and unjust enrichment claims. Defendants acknowledged that Dalal's motion to amend his first complaint "was not decided."

A-0659-23

On October 4, 2023, a fifth judge granted defendants' motion to dismiss the second complaint. He found the elements of res judicata were met, as the third judge had "dismissed [Dalal's] claims with prejudice because [he] failed to appear for trial." The fifth judge's order noted that the motion was unopposed. On October 19, Dalal moved, pursuant to Rule 4:50-1(a), to vacate the dismissal of his second complaint and reinstate his claims. Dalal certified that on September 8, he had sent opposition to defendants' motion and a request for adjournment, attaching a copy of his prior submission. He maintained that he lacked access to eCourts in prison, called the court multiple times before the motion return date, and had specifically called the fifth judge's chambers, seeking to confirm that the chambers received his opposition papers and uploaded them to eCourts on his behalf. At the same time, he also called defense counsel, who consented to an adjournment. On December 15, the fifth judge denied Dalal's motion "for the reasons set forth in" his prior order and did not address Dalal's arguments.

Dalal argues on appeal that reversal is warranted and his complaints must be reinstated because: the third judge erroneously dismissed his first complaint as Dalal did not receive either trial notice, findings of prejudice to Global were not made, and lesser sanctions were not considered; and the fifth judge

erroneously dismissed his second complaint based on the incorrect dismissal of his first complaint for failing to appear for trial, which was not an adjudication on the merits. Dalal further avers the court erred in dismissing his second complaint because it included a new party and thirteen different causes of action not pleaded in his first two-count complaint, which he had never amended because the court never decided his motion.

## II.

"The decision to dismiss a case or sanction parties for failure to appear . . . falls within the discretion of the trial judge." Kornbleuth v. Westover, 241 N.J. 289, 300 (2020). "A court abuses that discretion when the decision to impose sanctions 'is made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Id. at 300-01 (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). Rule 1:2-4(a) provides, "[I]f without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party on the call of a calendar . . . or any other proceeding scheduled by the court . . . the court may order . . . (c) the dismissal of the complaint."

"The trial court has an array of available remedies to enforce compliance with a court rule or one of its orders." Williams v. Am. Auto Logistics, 226 N.J.

9

117, 124 (2016) (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005)). "[W]hen a plaintiff fails to honor a notice . . . , he subjects himself to the list of sanctions referenced in Rule 1:2-4(a), one of which is dismissal of the complaint." Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 406 (2009) (quoting Gonzalez, 185 N.J. at 115). "In assessing the appropriate sanction for the violation of one of its orders, the court must consider a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree." Williams, 226 N.J. at 128 (quoting Gonzalez, 185 N.J. at 115).

"Because the dismissal of a plaintiff's cause of action with prejudice is a drastic remedy, it should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces 'a deliberate and contumacious disregard of the court's authority.'" Gonzalez, 185 N.J. at 115 (quoting Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003)). "When the vindication of the court's authority standing alone is not at issue, then the prejudice suffered by the defendant also must enter into the calculus in determining the appropriate sanction." Id. at 116; see also Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 393 (App. Div. 1994) (considering the available sanctions established by Rule 1:2-4 and stating "the dismissal remedy, especially, as here, a dismissal

with prejudice, should not be invoked except in the case of egregious conduct on the part of a plaintiff, and should generally not be employed where a lesser sanction will suffice").

## III.

Dalal argues that his complaints should be reinstated because the third judge erred by ordering the dismissal of his first complaint with prejudice for failing to appear for trial, and consequently, the fifth judge erred in dismissing his second complaint pursuant to res judicata. We agree.

From the onset, we underscore that judges are charged under our New Jersey Court Rules to provide litigants that have properly filed a motion a timely decision. See, e.g., Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. 405, 406 (App. Div. 1986) ("[T]he swift movement of cases serves the parties' interests."); R. 1:1-2(a) (emphasizing that the Court Rules "shall be construed to . . . eliminate[] . . . . unjustifiable expense and delay"); R. 1:6-2(c) (stating that motions in civil cases "shall be listed for disposition"); R. 1:6-2(f) (providing that judges shall issue a statement of reasons on interlocutory orders if an "explanation is either necessary or appropriate"); R. 1:7-4 (stating judges are to issue decisions "either written or oral, [with sufficient] find[ings]

11

[of] . . . facts and . . . conclusions of law . . . on every motion decided by a written order that is appealable as of right").

While it is within a motion judge's sound discretion to grant a party leave to amend a complaint under Rule 4:9-1, see C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 306 (2023), the judge must timely calendar the motion and provide a decision on the merits. In the present matter, we recognize the motion judge was transferred to another division, and a different judge was assigned Dalal's motions for disposition. Because Dalal properly filed his motions to amend and to compel discovery, the second judge should have relisted the motions and provided a timely decision. Therefore, we question how the motions remained pending for seventeen months without a disposition and why Dalal's August 2022 letter to the second judge requesting a hearing did not result in a return date. To compound matters, the court issued a trial date before the second judge decided Dalal's motions and sent trial notices without Dalal's SBI number as he had requested, and then the third judge dismissed Dalal's complaint for failing to appear for trial with prejudice.

We further find merit to Dalal's argument that the third judge erred in dismissing his first complaint with prejudice because: Dalal had confirmed with the motion judge that the court's correspondence should include his SBI number,

his complaint should not have been dismissed prior to receiving a disposition on his motions to amend his complaint and to compel discovery, and the third judge failed to properly weigh the prejudice before ordering the dismissal of Dalal's complaint with prejudice. The third judge also apparently gave no consideration to lesser sanctions. "[A]ppellate review is impeded when a trial court fails to 'state its factual findings and conclusions of law on the record as required by Rule 1:7-4(a).'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 266 (App. Div. 2024) (quoting Lakhani v. Patel, 479 N.J. Super. 291, 297-98 (App. Div. 2024)). A "trial judge is required to 'state clearly its factual findings and correlate them with the relevant legal conclusions.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).

We discern no bases in the record to support dismissal of Dalal's first complaint with prejudice. In fact, the record demonstrates Dalal actively prosecuted his claims and corresponded with the court and the multiple judges assigned to his matters. Relevantly, dismissals for failing to appear for trial are generally without prejudice "unless the court for good cause orders otherwise." Connors, 270 N.J. Super. at 393. We are guided by the firm principle that "[c]ases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such

noncompliance was purposeful and no lesser remedy was available." Id. at 395.

For these reasons, we reverse and reinstate Dalal's first complaint. On remand, we direct that the assigned judge address Dalal's motion to amend and hold a case management conference on any outstanding discovery issues within thirty days.

We next address the dismissal of Dalal's second complaint. He argues that we must reinstate his second complaint if we conclude dismissal of his first complaint was in error. The fifth judge found res judicata required dismissal of Dalal's second complaint because Dalal's first complaint was dismissed with prejudice based on failing to appear for trial. We recognize "[t]he doctrine of res judicata 'contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'" Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 172 (App. Div. 2000) (italicization omitted) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). "[F]or res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002). Pursuant to res judicata, "[A] cause of action between parties that has been finally determined on the merits by a

14

tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Villanueva v. Zimmer, 431 N.J. Super. 301, 311 (App. Div. 2013) (quoting Velasquez v. Franz, 123 N.J. 498, 505 (1991)).

As we have concluded reinstatement of Dalal's first complaint is mandated, we must also reinstate his second complaint, as its dismissal was based on res judicata. Dismissal under res judicata was further in error because: the fifth judge failed to consider that Dalal had averred claims against ViaPath, and it was not established that ViaPath was the same entity as Global; and the second complaint alleged thirteen new claims. The record also demonstrates there was no adjudication on the merits of Dalal's CFA and unjust enrichment claims. For these reasons, we reverse and reinstate Dalal's second complaint.[3]

---

[3] While we accept defendants' representation that Dalal failed to timely serve defendants with his Rule 4:50-1 motion to vacate the order of dismissal with prejudice, we are unpersuaded that Dalal's late service of the motion supports barring reinstatement of his claims. Pursuant to Rule 1:6-3(a), Dalal is required to timely serve defendants with any filed motion.

We have not considered defendants' arguments regarding "alternative bases for dismissing" the second complaint.[4]  On remand, defendants are not foreclosed from filing appropriate motions, which shall be considered on the merits, and we express no opinion on the outcome of these motions.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[4] On appeal, the parties have not provided defendants' referenced motion papers. See Rule 2:6-1(a)(1)(I) (stating the appendix must contain parts of the record "essential to the proper consideration of the issues").  We note that the fifth judge's dismissal was primarily based on res judicata.  Defendants' merits brief specifically references alternative motion arguments presented to the fifth judge under Rule 4:6-2.  Because defendants did not provide their papers supporting their motion to dismiss, we are unable to review these arguments.  "We are not 'obliged to attempt review of an issue when the relevant portions of the record are not included.'"  State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (quoting Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005)).

A-0659-23